In the Matter of AMERICAN CYANAMID AND CHEMICAL CORPORA-
TION et al., Petitioners, against LAZARUS JOSEPH, as Comp-
troller of the City of New York, Respondent.

First Department, December 15, 1953.

*Sol Charles Levine* of counsel (*Joseph M. Godman* with him on the brief; *S. C.* and *S. H. Levine,* attorneys), for petitioners.

*Leroy Mandle* of counsel (*Stanley Buchsbaum* with him on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for respondent.

PECK, P. J. This is an article 78 (Civ. Prac. Act) proceeding to review a final determination of the comptroller of the city of New York assessing a deficiency in sales tax with respect to the business of petitioner American Cyanamid and Chemical Corporation. Although the record is large with facts relating to the sales in question, the issue before us has been simplified and reduced to a matter of law. The legal question is whether a vendor may rely implicitly and conclusively upon a resale certificate received from its vendee, certifying that the vendee is purchasing for resale, and thus absolve itself absolutely from responsibility for collecting the sales tax, or whether the comptroller can go behind the certificate and, upon a finding that the vendor had knowledge that the products it sold were not actually to be resold, hold the vendor responsible for the tax.

This case revolves around the exemption from tax of sales of articles which are to be used in manufacturing processes in such a way that the articles become a physical component of the manufactured product (Administrative Code of City of New York, § N41–1.0, subd. 7). Purchases of such articles are regarded as being for the purpose of resale and come within the coverage of a resale certificate which a registered purchaser may issue to its vendor and avoid payment of the sales tax (Administrative Code, §§ N41–16.0, N41–2.0, subd. a).

Petitioner is a manufacturer and distributor of chemicals. The factual questions before the comptroller were whether the chemicals sold by petitioner to certain customers would or would not be incorporated in the manufactured products of those customers, and whether petitioner had knowledge of the actual use its customers would make of the chemicals sold. The comptroller found that in specified cases the chemicals were not and could not be so incorporated and found that petitioner had knowledge of the facts.

Petitioner denies having the knowledge attributed to it, but before us has waived the factual dispute and elected to stand upon what it asserts to be the legal protection of the certificates it received from its customers. Hence, we have not nicely weighed the facts in the case of each sale in an attempt to make separate factual determinations. We are satisfied that there

was a sufficient basis for the comptroller's factual determination to hold petitioner liable for the tax unless petitioner must be accorded the full protection it claims from the resale certificates. As petitioner states its position '' as a matter of law it not only was permitted, but was required to rely upon properly executed resale certificates and to refrain from collecting the tax.''

Both parties rely for their argument upon the same section of the Administrative Code (§ N41–2.0, subd. i): '' For the purpose of the proper administration of this title and to prevent evasion of the tax hereby imposed, it shall be presumed that all receipts for property and services mentioned in this section are subject to tax until the contrary is established, and the burden of proving that a receipt is not taxable hereunder shall be upon the vendor or the purchaser. Unless the vendor shall have taken from the purchaser a certificate signed by and bearing the name and address of the purchaser and the number of his registration certificate to the effect that the property or service was purchased for resale, the sale shall be deemed to be a taxable sale at retail.'' The comptroller puts the emphasis upon the first sentence which casts the burden of proof upon the vendor; petitioner puts the emphasis upon the second sentence and urges the implication that if the vendor shall have taken a resale certificate, the sale shall be deemed not to be taxable.

While the language of the section is not precise, we think its import is clear. It must be given a reasonable interpretation for practical administration as an administrative measure.

Undoubtedly the purpose of the provisions of the law for registration by purchasers of products for resale and the issuance by them of resale certificates was to control the field and afford a basic measure of regulation and protection against fraud or abuse. To make the arrangement workable and in turn afford any measure of protection to vendors who rely in good faith upon resale certificates received from customers, it is necessary to give such certificates a presumption of validity. A vendor would not be expected to disregard the certificate and rely upon it at his peril. We think, however, that it was not intended, nor is it necessary as an administrative matter to hold, that the vendor enjoys an absolute protection from a certificate and may shut his eyes to what may be quite apparent, that his vendee is not going to use the articles sold in a way that would exempt the sale from tax. A vendor in this situation might be culpable in degrees from carelessness to fraud.

Not even petitioner contends that a vendor could act fraudulently and enjoy the protection of a certificate. The comptroller does not charge fraud here, however, in the sense of complicity between petitioner and its customers. He does charge petitioner with such information as to the use of its products and the business of its customers as to constitute knowledge that the sales in question were not for resale.

We cannot attempt to lay down a formula which would govern every case, but a general standard can be stated. We would say that the vendor was entitled to a presumption of protection from a resale certificate and is not obliged, as a matter of course, to look behind it and make inquiry as to the actual use that its vendee may make of the products sold. The degree of scrutiny of its sales which a vendor can reasonably and in good faith be expected to exercise must depend on circumstances. A wholesaler of products normally resold at retail would not be expected to question the purchases of retailers in the business of retailing those products. Where the products are not normally resold or the purchaser is not a retailer and rests upon a tax exempt use of the products, the vendor may be expected to make some fair check on the contemplated use. Assurances then reasonably given by customers may be accepted. But a bland assurance cannot be taken against an obvious reality to the contrary. Here, for example, petitioner knew from its own chemist's report that certain chemicals it sold would not become ingredients of any article manufactured by its vendees. We would add that, in the absence of enabling a vendor to clear any doubts he may have and procure a ruling of the tax authorities in advance, the vendor on any accounting should be given the benefit of any doubts as to whether he has acted reasonably toward his customers and fairly toward the tax authorities.

The facts in the present case have been resolved by the comptroller against the petitioner and there is sufficient warrant for the comptroller's determination to require our confirmation. On the issue tendered by this appeal we are obliged to hold with the comptroller that petitioner was not entitled to immunity by receipt of resale certificates. The determination of the comptroller should be confirmed, with costs.

Dore, J. (dissenting). The basic issues are sufficiently stated in the learned opinion of the Presiding Justice.

I entirely agree that a resale certificate is not per se a complete and absolute protection; and that a fraudulently procured resale certificate does not protect the vendor. But in this case there is

no claim of fraud by the comptroller; indeed, any such contention is rejected.

In considering this appeal we must constantly keep in mind that this petitioner is not sought to be taxed by the comptroller as a taxpayer, but is sought to be held liable as *an unpaid tax collector*, a vendor, selling chemicals wholesale for alleged failure to collect from its vendees the tax in question on the ground that the vendor knew or in the exercise of reasonable care should have known that the chemicals were not sold for resale. It must also be remembered that if the articles sold are used in manufacturing processes in such manner that the articles become a physical component part of the manufactured product, no tax is imposed (Administrative Code, § N41–1.0, subd. 7). As can be easily imagined, physical determination of the ultimate result of the process in each case is very difficult and at times impossible of solution with certitude. However, any article so incorporated is regarded as being purchased for the purpose of resale and comes within the coverage of resale certificates.

The law makes the businessman, wholesaler, an unpaid tax collector who is personally liable to pay the taxes himself if he fails to collect when he should. This burden is placed upon the vendor although the city has a complete remedy against the vendee who has given a false resale certificate; in fact, to give a false certificate is a misdemeanor.

It is of course very difficult to show with certitude what the petitioner's customers actually do or intend to do with the chemicals purchased. How far is a wholesaler bound to go? As a practical matter how can the wholesale vendor conduct an inquiry into its customer's private business, namely, to find the actual ultimate use the product purchased is going to be put to in the future? Necessarily he must reasonably rely on his customer's assertions and the customers here have made formal and legal assertions (in this case verified) by giving the resale certificates.

In this case concededly everyone who has given such resale certificates had been *certified by the City Treasurer as a vendor* who could resell and collect the tax from somebody else.

We think, at least in cases such as this where no fraud is claimed, that the resale certificates plus the conceded subsequent inquiry by the wholesaler and reassurance by the customer should be sufficient to protect the wholesaler as unpaid tax collector from payment of the tax on the ground that he has failed to collect it. In our opinion any other interpretation

imposes an almost intolerable burden on wholesale business in this community.

It should also be remembered that the doors to inquiry among the customers on whom the tax is really imposed are by law freely open to the comptroller. Without such inquiry, it may be that in some cases the customers have already paid the tax, and, if they did, the city is getting the tax twice (*Matter of Fifth Ave. Bldg. Corp.* v. *Joseph,* 297 N. Y. 278, 282).

Irrespective of its collection from its vendees, this vendor for the privilege of doing business here has to pay another and different tax, namely, a gross receipts tax. If it also has to pay as vendor the sales tax in question, it is forced, contrary to the enabling act which prohibits the city from collecting the tax twice from the same individual, to pay a sales tax on the same activities.

That the vendor's chemical expert with regard to a number of the chemicals sold reported that such products did not become ingredients of products resold, is not conclusive. That was given merely as an opinion of the expert and neither he nor the comptroller canvassed the customers to find out what they actually did or intended to do with the chemicals; accordingly, such opinion would not be conclusively binding especially when the customers without any fraud by the vendor, gave the resale certificates.

Finally these transactions go back to 1942 and 1943, some of them to 1934 and 1935; and this appeal is being argued in October, 1953. After such long lapse of time, this vendor obviously now has no chance to get back from its vendees the taxes if it is now compelled to pay.

The vendor is not the taxpayer but is an uncompensated tax collector for the city. Especially in the case of wholesale vendors (the present petitioner sells the chemicals by the ton) the comptroller's contention would place an intolerable burden on wholesale business unnecessarily clogging and interfering with its conduct in this community. In this as in every other tax case doubt should be resolved in favor of the taxpayer (*Dun & Bradstreet* v. *City of New York,* 276 N. Y. 198, 204). The enabling act as a law imposing a special tax is to be construed strictly against the taxing power and a clear case made out for its application (*Socony-Vacuum Oil Co.* v. *City of New York,* 247 App. Div. 163, affd. 272 N. Y. 668; *Matter of Swift,* 137 N. Y. 77, 87). In *McLean* v. *Jephson* (123 N. Y. 142, 146) a case involving a personal tax on persons doing business in the State of New York, the Court of Appeals unanimously held:

"There is no prerogative of the government which is more liable to abuse than that which authorizes it to seize and appropriate the property of the citizen for public purposes, and none which is regarded with more jealous scrutiny by the courts. The authority of its officers to exercise the power of taxation has uniformly been carefully scrutinized and limited to the express warrant of the statute, and cannot be extended by implication or construction. This is especially the case where its demands may be enforced by fine and imprisonment, and it would be contrary to the traditions of our people, as well as to principles of justice and law, to permit the liberty of the citizen to be jeopardized by a strained and doubtful construction of the statute."

In this case when petitioner received the resale certificates from its customers, with no fraud proved or even claimed, there was raised a rebuttable presumption that no tax was collectible on the sales (*Sterling Bag Co.* v. *City of New York,* 256 App. Div. 645, 648, affd. 281 N. Y. 269). Stated in another form, the general issue is whether petitioner was so delinquent in its tax collecting endeavors as to be subject to a penalty measured by the tax it failed to collect; and the strictly limited issue is the presence or absence of petitioner's good faith in relying on the resale certificates. The circumstances in this case in our opinion show good faith on petitioner's part and also establish the comptroller's failure to rebut the rebuttable presumption flowing from resale certificates concededly given without any fraud on petitioner's part.

Accordingly we dissent and vote to annul the tax, the equivalent of a penalty imposed on petitioner for failure to collect

CALLAHAN and BREITEL, JJ., concur with PECK, P. J.; DORE J., dissents and votes to annul, in opinion in which BASTOW, J. concurs.

Determination confirmed, with $20 costs and disbursements to the respondent. [See *post,* p. 696.]