J. M. LEE, individually and as State Comptroller, v. HECTOR SUPPLY COMPANY, and THE HECTOR LUMBER AND SUPPLY CO., INC.

183 So. 489.

Opinion on Rehearing Filed October 4, 1938.

(For Original Opinion See 182 So. 613)

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *W. P. Allen,* Assistant Attorney General, *J. Velma Keen* and *A. Frank O'Kelley, Jr.,* for Appellants;

*C. L. Waller, B. A. Meginniss, Evans, Mershon & Sawyer, M. L. Mershon,* and *Herbert S. Sawyer, W. O. Mehrtens,* for Appellees.

*S. L. Holland,* as *amicus curiae.*

ON REHEARING GRANTED.

PER CURIAM.—Pursuant to the granting of rehearing, we have considered additional brief filed herein and have also heard arguments by able counsel for the respective parties.

Since our former opinion was filed, there has been brought to our attention the case of McCarroll, Commissioner, v. Scott Paper Box Co., *et al.,* 195 Ark. 1105, 115 S. W. (2) 839. That case is in harmony with the view expressed by Mr. Justice BUFORD in the opinion filed July 6th, 1938, saying:

"The shippers of fruit and vegetables who purchase from plaintiffs the materials with which to crate and ship the produce of the farm are not the ultimate consumers of the individual items purchased from plaintiff's store or stores, because the fruit and vegetables, when ready for shipment, are encased in a unified assembled container, or in the separate items of tangible personal property purchased from plaintiff's store or stores as such. The items purchased are not sold by plaintiffs' customers to others as such separate items, but those items are assembled as a complete container and used for the packing and shipping of farm produce, as a convenient method of transporting the produce, and the producer sells the container along with the produce and could not sell the produce without the container. The

assembled containers, as such, have no intrinsic worth to the purchaser of the fruit or vegetables, but they do have intrinsic worth to the packer of such produce, because by employing such method of transporting his produce to the market, it saves him time, saves spoliation of produce due to unnecessary bruising in transit, gives him an opportunity to advertise his particular brands, and establish a trade by having the public become conscious of it."

And with the further view so expressed:

"How many of the ultimate consumers of the fruits and vegetables would purchase the assembled crate or hamper, with its labels pasted on and the paper wraps intact, if the crate or hamper contained no fruit or vegetables, but was empty? The answer obviously would be that no one would make such a purchase. Therefore, it is an essential implement and is purchased for resale as definitely as if every transaction embraced a sale of the contents and a separate sale of the container. The title to both passes. Just as liquids must be kept in some sort of containing vessel if they are to be available for use, so fruit and vegetables when shipped in considerable quantities, because of the convenience and saving to the shipper, are packed in a container of some kind; and the shipper who purchases the materials with which to construct these containers purchases them for resale within the meaning of that term as used in the Chain Store Act, Chapter 16848, Acts of 1935.

"When a customer comes into one of the plaintiff's stores and purchases paper wraps, wooden shipping containers, paste for the application of labels, box strappings, crate materials and hampers, for the purpose of using the materials purchased for packing and shipping fruit and vegetables, by wrapping the fruit or vegetables with the paper wraps, placing the wrapped fruit or vegetables in the assembled wooden shipping containers, crates or hampers,

applying the paste to make secure on the outside of the container the labels showing the variety, grade and brand of fruit or vegetables to be found in the container, and attaching the box strappings to securely fasten the container so that it will carry the fruit or vegetables intact, then such purchaser, within the meaning and intendment of this Act, Chapter 16848, Acts of 1935, is one who has purchased the property for resale in the form of tangible personal property."

Aside from this, it is common knowledge that probably more than one-half of the involved commodities are purchased from jobbers and manufacturers by packers for resale to producers for whom they pack and ship citrus fruits and vegetables.

So the majority of the Court now recedes from the holding in this regard as expressed in the former opinion and now hold that the Chancellor was not in error in his order enjoining the collection of the tax,

"(6) on sales of paper wraps, wooden shipping containers, paste for the application of labels, box strappings, and the like articles and products used by the purchaser in the sale of agricultural and horticultural products and as part of the consideration for the sale of such agricultural and horticultural products."

"(8) on sales of crate materials and hampers sold to the purchaser to be used for the purpose of shipping or marketing fruits and vegetables and sold by such purchasers as tangible personal property as a part of the consideration for the sale of agricultural and horticultural products."

We also recede from our former judgment that the Chancellor was in error in his order enjoining the collection of the tax:

"(2) on sales of products purchased from other manufacturers, dealers and jobbers without the State of Florida,

for delivery directly to the purchaser for the account of the said plaintiffs."

We are convinced that transactions such as those last above mentioned are transactions in interstate commerce. See Federal Trade Commission v. Pacific States Paper Trade Association, et al., 273 U. S. 52, 47 S. Ct. 255, and cases there cited. This applies to shipments of goods or products ordered by appellee to be shipped direct to its customers from other business concerns located outside the State of Florida when the shipment is made from a point outside the State to appellee's customer and comes to rest from transportation only on delivery to the customer.

As is stated in our original opinion, *supra,* appellant assigned as error that part of the final decree wherein the collection of the tax was enjoined:

"(2) on sales of products purchased from other manufacturers, dealers and jobbers without the State of Florida for delivery directly to the purchaser for the account of the said plaintiffs.

"(3) on sales of products purchased from other manufacturers, dealers and jobbers within the State of Florida for delivery directly to the purchaser for the account of the said plaintiffs."

"(6) on sales of paper wraps, wooden shipping containers, paste for the application of labels, box strappings, and the like articles'and products used by the purchaser in the sale of agricultural and horticultural products and as part of the consideration for the sale of such agricultural and horticultural products."

"(8) on sales of crate materials and hampers sold to the purchaser to be used for the purpose of shipping or marketing fruits and vegetables and sold by such purchasers as tangible personal property as a part of the consideration for the sale of agricultural and horticultural products."

Our conclusion is that the decree should be reversed only "(3) on sales of products purchased from other manufacturers, dealers and jobbers within the State of Florida for delivery directly to the purchaser for the account of the said plaintiffs," and as to that only in so far as such sales are not herein held to be exempt from this tax when such sale occurs direct from appellee to customers, and should be otherwise affirmed; that is, affirmed in part and reversed in part, and remanded for further action not inconsistent with our opinion of July 6th, 1938, as herein modified.

So ordered.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.

ELLIS, C. J., not participating.