STERLING BAG COMPANY, INC., Respondent, *v.* THE CITY OF NEW YORK and Others, Appellants.*

First Department, April 6, 1939.

* Affg. 168 Misc. 179; 169 id. 5.

*Arthur A. Segall* of counsel [*Sol Charles Levine* and *Bernard H. Sherris* with him on the brief; *William C. Chanler, Corporation Counsel*], for the appellants.

*William L. Hanaway* of counsel [*William J. Quinn* and *Charles A. Howard, Jr.*, with him on the brief; *Breed, Abbott & Morgan*, attorneys], for the respondent.

CALLAHAN, J.  The action is one for a judgment declaring that the receipts of payment from the sales of certain bags and containers are not taxable under the New York City Sales Tax Law (N. Y. City Local Laws of 1934, Local Law No. 20 [published as No. 21], as amd.) and that article 37 of the comptroller's regulations is invalid in so far as it attempts to tax such sales, and for injunctive relief.

Motions were made by the defendants prior to and at the trial, before the introduction of testimony, and at the close of plaintiff's case, to dismiss the complaint on the ground that the court below was without jurisdiction to entertain the action for declaratory judgment and injunctive relief.  No separate appeal was taken from the denial of these motions, and a full trial was had below.

Plaintiff is engaged in the manufacture of bags.  The bags in question were sold by the plaintiff to a sugar refinery and used by the purchaser to bag and market its sugar.  The bags sold are (1) bulk sugar bags of one hundred pounds capacity, in which sugar is packed directly, (2) sacks or envelopes, generally of one hundred pounds capacity, designed as containers for smaller bags of sugar, and (3) smaller cotton bags of two, five, ten, fifteen and twenty-five pounds capacity.

The proof showed that the sugar refinery packed sugar in the bags and sold the bags and contents. The prices charged by the sugar refinery for its sugar were fixed at a rate per pound, but the rate per pound varied according to the form of bag used.

The price list prepared by the sugar refinery showed that its basic price was for one hundred pounds of sugar packed in one-hundred-pound bags. The varying prices of sugar in the same grade were expressed through a system of price differentials of so much more or so much less than the base price per pound, depending upon the style of bag or container in which the sugar was sold. The evidence shows that the difference in price was made up of the cost of the bag as well as the different cost of labor in packing a particular kind of bag. The cost of the bag was a large part of and was always included in the price of the sugar sold. In this respect the selling price of sugar, in so far as it was varied by the nature of the bag, was charged against the specific product and not against overhead.

The bags are never returned to the refiners. They are resold, and frequently reused for packing materials other than sugar. There is a regular market for their sale after use.

When the bags are delivered by the plaintiff to the sugar refinery they have stamped thereon the name of the customer, the nature of the brand and the quantity of sugar which the bag will hold.

The defendants have not taxed the smaller bags ranging from two to twenty-five pounds, but have taxed the larger bags and the envelopes or sacks. In making this distinction the defendants followed the provisions of article 37 of the regulations adopted by the comptroller to aid in the enforcement of this tax.

The provisions of article 37 of the comptroller's regulations and the failure thereof to follow the language of the local law are pointed out in *Matter of American Molasses Co.* v. *McGoldrick* (256 App. Div. 649), decided herewith. We see no necessity of repeating what was said there with respect to the fact that the test as to taxability was not whether the container reached the ultimate consumer, but whether it was purchased for resale. The issue in this case is whether the refiners resell the bags. For the reasons stated with respect to the non-taxability of the containers involved in the *American Molasses* case (*supra*), we think that the bags involved herein were sold by the plaintiff to the sugar refining company for resale and were not taxable, and that the decision below was correct.

The appellants contend that the plaintiff's failure to obtain resale certificates, as provided in section 2 of the local law as amended, shows that the bags were not purchased for resale.

The law, however, merely provides that the seller's failure to obtain such a certificate shall create a rebuttable presumption that the receipt is taxable. Here the proof overcame the presumption.

The only other question involved on this appeal concerns the propriety of the procedure adopted by the plaintiff in bringing suit for declaratory judgment. Any doubt as to the propriety of the present form of action was dispelled by the recent decision of the Court of Appeals in *German Masonic Temple Assn.* v. *City of New York* (279 N. Y. 452, revg. 253 App. Div. 680). Appellant attempts to distinguish that case by contending that here issues of fact arise which makes declaratory judgment improper. Though the answer contains formal denials, we find no material issue of fact involved. Defendant called no witnesses. The sole question concerns the applicability of the tax to transactions, the nature of which are not in dispute.

We do not wish to indicate that the court may not grant declaratory judgment merely because there may be some dispute concerning the facts. Plaintiff's remedy was properly invoked, and judgment properly granted in its favor.

The judgment and orders should be affirmed, with costs to plaintiff.

O'MALLEY, TOWNLEY and DORE, JJ., concur; COHN, J., dissents with memorandum.

COHN, J. (dissenting). For the reasons set forth in the dissenting opinion in the case of *American Molasses Co.* v. *McGoldrick* (256 App. Div. 649), handed down herewith, I vote to reverse the judgment and dismiss the complaint.

Judgment and orders affirmed, with costs.