[Civil No. 4450.   Filed June 1, 1942.]

[126 Pac. (2d) 305.]

THAD M. MOORE, as Chairman, D. C. O'NEIL and
    WARREN PETERSON, as Members of the
    STATE TAX COMMISSION OF THE STATE
    OF ARIZONA; and STATE TAX COMMISSION
    OF THE STATE OF ARIZONA, Appellants, v.
    ARIZONA BOX COMPANY, a Corporation, Ap-
    pellee.

Mr. Joe Conway, Attorney General, and Mr. W. E. Polley, Assistant Attorney General, for Appellants.

Messrs. Lewkowitz & Wein, for Appellee.

LOCKWOOD, C. J.—Arizona Box Company, a corporation, plaintiff, brought suit against the State Tax Commission, defendant, praying that it recover from defendant certain sales taxes paid by it under protest, and that it be declared exempt from the provisions of the excise revenue act of 1935, being chapter 77 of the regular session, as amended by chapter 2, First Special Session, 1937, or, if it is not entirely exempt therefrom, that its classification thereunder be declared. Judgment was rendered holding that plaintiff was wholly exempt from sales taxes under the revenue act aforesaid, and that it was entitled to recover some

thirty-three thousand dollars of taxes paid, whereupon defendant appealed.

The facts necessary for a determination of the case are not in dispute, and may be stated thus: Plaintiff conducts its business as follows: It purchases materials already cut to proper size for the making of wooden containers for lettuce, cantaloupes, and the like, in order to prepare them for shipment. It then sells this material as received, or as made up by it in containers suitable for packing, to its customers. These customers are engaged in the growing, packing and selling of agricultural products, principally lettuce and cantaloupes. These products, when prepared and packed, are distributed in all parts of the United States, through brokers and commission agents, until they finally reach the tables of the ultimate consumers. The crates pass with the products along the line of distribution until they reach the point at which their contents are to be sold in less than crate lots, and are then disposed of by the last seller as junk.

From the adoption of the act up to June, 1940, plaintiff was required by defendant to pay, and did pay, a sales tax of one-fourth of one per cent. on the gross sales made by it. Its books were audited in April, 1936, and approved as of that time and rate by defendant. In June, 1940, a second audit being made, defendant insisted that plaintiff was obliged to pay an amount equal to two per cent. on its gross sales, instead of one-fourth of one per cent. Plaintiff did pay under protest the amount so demanded, and has brought suit to recover these taxes, its theory being that all of the taxes paid under protest are void.

The matter must be determined by the meaning of the excise act of 1935, as amended, the portions of which material to this case read as follows:

"Sec. 1. *Definitions.* In this article, unless the context otherwise requires:

. . . . . . . . . . . . .

" 'retail sale' or 'sale at retail' means a sale for any purpose other than for resale in the form of tangible personal property,

. . . . . . . . . . . . .

" 'tangible personal property' means personal property which may be seen, weighed, measured, felt, touched, or is in any other manner perceptible to the senses; . . .

"Sec. 2. *Imposition of the Tax.* From and after the effective date of this act, there is hereby levied and shall be collected by the tax commission, . . . annual privilege taxes . . .

"(a) At an amount equal to one-fourth of one per cent of the gross proceeds of sales or gross income from the business upon every person engaged or continuing within this state in the following businesses:

"1. Manufacturing, baling, crating, boxing, . . . or otherwise preparing for sale, profit, or commercial use, agricultural and horticultural products, . . . or any product or products, article or articles, substance or substances, commodity or commodities not classified in paragraph 1, subsection (c) or in subsection (g).

. . . . . . . . . . . . .

"(c) At an amount equal to one per cent of the gross proceeds of sales or gross income from the business upon every person engaging or continuing within this state in the following businesses:

"1. . . . or felling, producing or preparing timber or any product of the forest for sale, profit or commercial use.

. . . . . . . . . . . . .

"(d) At an amount equal to two per cent of the gross proceeds of sales or gross income from the business upon every person engaging or continuing within this state in the following businesses:

"1. Selling any tangible personal property whatsoever at retail, except bonds and stocks."

For some reason, while the act of 1935 provided for a tax on wholesale merchants, that provision was

omitted from the amended act of 1937, and it is plaintiff's contention that it is solely a wholesaler and, therefore, not subject to any tax.

It is the position of defendant that plaintiff is engaged in the business either of "manufacturing" or "crating" agricultural products, paying one-fourth of one per cent. tax, or "preparing" a "product of the forest for sale," paying one per cent., or "selling any tangible personal property whatsoever at retail," paying two per cent.

The question is one of first impression in this state, but a similar one has arisen in a number of other states having sales taxes, and there is a great conflict of authority not only in the different states but even in the same states under varying conditions of fact. The principal difficulty seems to arise in determining whether transactions like that involved in the present case are sales at retail. The usual definition of a retail sale is "a sale for any purpose other than for resale."

It is contended by defendant that plaintiff sells its boxes and box material to a packer of agricultural products and that when so sold it is to be "consumed" by the packer and not "resold" in the form of "tangible personal property" to any other persons. The argument runs somewhat as follows: The packer places his product in the crate and it is then shipped to many parts of the country so that it passes through perhaps half a dozen or more hands before the edible portion of the package is consumed, but at no time after it leaves the hands of the packer does the crate have any identity of its own for the purpose of computing or fixing a price thereon, but is always considered as a valueless and negligible article which adds no value to the product which is ultimately consumed. Therefore, since in an economic sense it must be "consumed" somewhere along the line, it is the packer who

consumes it, and the person who sells it to him is, within the definition of the statute, a retail dealer and subject to a tax as such.

Plaintiff, on the other hand, urges that while it may be true the packer does not, when his product is placed in the container, add a specific amount to the value or sale price of the product as sold on account of the container, as a matter of fact the container is, for all practical purposes, as necessary to give any real value in commerce to the vegetable product which it contains as is that product itself; that a pile of lettuce or cantaloupes upon the packing house floor, in the absence of proper containers for distributing it, is practically, if not theoretically, worthless and that the container furnishes as real a part of the value of the product as sold by the packer as does the lettuce or cantaloupe itself. Such being the case, it is maintained the container was certainly sold by plaintiff to the packer for the purpose of resale by the latter, even though no one could figure the precise percentage value of the crated vegetable which was due to the container and which to the contained.

The cases of *Wiseman* v. *Arkansas Wholesale Grocers' Assn.,* 192 Ark. 313, 90 S. W. (2d) 987; *McCarroll* v. *Scott Paper Co.,* 195 Ark. 1105, 115 S. W. (2d) 839; *American Molasses Co.* v. *McGoldrick,* 256 App. Div. 649, 11 N. Y. Supp. (2d) 289; Id., 281 N. Y. 269, 22 N. E. (2d) 369, and *Lee* v. *Hector Supply Co.,* 133 Fla. 849, 183 So. 489, contain elaborate discussions of analogous situations. While the language and the arguments used differ as well as the circumstances, we think running through all of them the thread of the idea appears that if the container adds to the value of the finished product when sold in it, as compared with its value for sale without the container, then the container itself is sold to the retailer for the purpose

of resale and is not subject to tax as an original retail sale.

■ The point where some of the cases and opinions seem to have gotten away from the logical track is a failure to recognize that the mere fact that, though the *amount* of the value added to the product by the use of the container may be small or may not be determined with even reasonable exactitude either on the basis of per cent. or of dollars and cents, yet if the value is actually added and the salable value of the product increased by the use of the container, it makes no difference that such increase cannot be determined with accuracy. It is obvious in the present case that the container is purchased by the packer only for the purpose of passing on together with the fruit or vegetable; that it cannot be used in any other practical manner, and that without the container the packer's business would be ruined and his product, for all practical intents and purposes so far as resale is concerned, valueless. Under these circumstances, we think the container was sold by plaintiff for the purpose of resale, and that it is not subject to the two per cent. retailer's sales tax.

■■ We consider next the other two classifications. Certainly plaintiff is not engaged in any manner preparing agricultural or horticultural products for sale or commercial uses. That is done entirely by the packer. But we think that when it makes the material which it purchases into crates, it is unquestionably engaged in "preparing timber . . . for sale, profit or commercial use," as timber is defined as "wood used in carpentry or joinery." Webster's New International Dictionary, 2d Ed. Under these circumstances, so far as its selling the crates made up for use by it is concerned, it falls within subdivision (c) 1, and not within subdivision (a) 1, nor subdivision (d) 1,

section 2, *supra*. So far as the mere resale of the box material in the same form in which it was received, it is acting only as a wholesaler and under the amended act is not liable to a sales tax. It should, therefore, pay a tax of one per cent. upon the value of crates made up by it and sold to its various customers, but no tax on the crates sold in the same knocked down condition in which they were purchased by it.

The judgment of the superior court is reversed and the case remanded with instructions to enter judgment in accordance with the principles expressed herein.

McALISTER and ROSS, JJ., concur.