59 So.2d 788 (1952)
GAY
v.
CANADA DRY BOTTLING CO. OF FLORIDA, Inc.
Supreme Court of Florida, Special Division B.
February 8, 1952.
On Rehearing June 24, 1952.
Richard W. Ervin, Atty. Gen., Ralph M. McLane, Asst. Atty. Gen. and Lewis H. Tribble, Tallahassee, for appellant.
Loftin, Anderson, Scott, McCarthy & Preston, Paul R. Scott and Marshall S. Scott, all of Miami, for appellee.
ROBERTS, Justice.
The sole question here is whether the purchase by appellee, a soft drink bottler, of new bottles, cases and the component parts thereof from manufacturers for the purpose of packaging and distributing the beverages is taxable under the Florida Revenue Act of 1949, being Chapter 26319, Laws of Florida, Acts of 1949 Ex.Sess., F.S.A. § 212.01 et seq., as a "retail sale" to appellee. In a suit instituted by appellee for a declaratory decree and injunctive relief, the lower court held that such purchases were not taxable as a "retail sale" under the 1949 Act and enjoined the Comptroller of this State, the appellant here, from enforcing the collection of the tax theretofore assessed against the appellee.
The case was tried in the court below on an agreed statement of facts, by which it appears that the appellee sells its various soft drink products to its customers at a fixed price per case, consisting of a charge for the bottles and cases as well as the contents, although these charges are not billed *789 separately. A credit or cash refund is made to any one, whether the original purchaser or not, who returns empty bottles and cases in good condition. The charge ticket is the sole contract between appellee and its customers, and no reservation of title to the bottles and cases is made therein.
A "retail sale" is defined in Section 2(c) 2 of the Act as "a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property, * * *." It is further provided therein that the term "retail sale" shall not include sales of "materials, containers, labels, sacks or bags used for packaging tangible personal property for shipment or sale." F.S.A. § 212.02(3)(a, b). It is the contention of the appellee that the bottles and cases (1) are purchased by it for resale and (2) are "containers * * * used for packaging tangible personal property for shipment", so that its purchases of these items are not retail sales to it under either of the foregoing provisions of the Act.
In considering the question of whether the purchase of various types of containers for use in "packaging tangible personal property for shipment or sale", or similarly worded statutes, is a purchase "for resale," it has been uniformly held that "non-returnable" or "expendable" containers, that is, those which are not returned to and re-used by the manufacturer of the product contained therein, are purchased for re-sale where the cost of such containers affects and adds to the price of the product. Lee v. Hector Supply Co., 133 Fla. 849, 183 So. 489 (vegetable crates); Moore v. Arizona Box Co., 59 Ariz. 262, 126 P.2d 305 (vegetable crates); McCarroll v. Scott Paper Box Company, 195 Ark. 1105, 115 S.W.2d 839 (pasteboard cartons for packing bakery products); Kroger Grocery & Baking Co. v. Glander, 149 Ohio St. 120, 77 N.E.2d 921 (various types of cartons, boxes and containers); American Molasses Co. of New York v. McGoldrick, 256 App.Div. 649, 11 N.Y.S.2d 289 (molasses pails, barrels and drums); Sterling Bag Co., Inc., v. City of New York, 256 App.Div. 645, 11 N.Y.S.2d 297 (sugar bags).
The purpose of exempting from a retail sales tax such intermediate sales of containers and packaging materials appears to be, as stated in Kroger Grocery & Baking Co. v. Glander, supra, [149 St. 120, 77 N.E.2d 926] "To avoid double taxation and to prevent the increase of ultimate sales price to the consumer, for, after all, the consumer pays the whole tax reflected in the price which he pays for the finished product."
In the case of returnable containers, which have a definite fixed value both at the time of their "sale" to the customer and at the time of their return for credit or for cash, the problem of double taxation is easily avoided and is, in fact, provided for by Rule 75 promulgated by the Comptroller of the State of Florida under his authority to make rules and regulations for the enforcement of the Act "not inconsistent" therewith, Section 17 of the Revenue Act of 1949, as follows: "If an article is sold in a returnable container and a deposit is posted to assure the return of the container, the sales tax does not apply to the deposit, but is to be applied to the selling price of the property sold."
While it may be that, technically speaking, the appellee "sells" its bottles and containers to its customers on a "sale or return" basis, and its customers "sell" such containers to the ultimate consumer of the product contained therein, it is equally true that the ultimate consumer "buys" such containers for the purpose of "re-selling" them to the appellee or its agent and that the appellee is obligated to "re-purchase" all those in good condition.
We are not persuaded, then, that in the case of returnable containers for which a deposit is exacted by the seller of the product contained therein, the sale and delivery thereof to the ultimate consumer constitutes a "retail sale" within the meaning of the Revenue Act of 1949, rather than the sale thereof to the manufacturer of the product contained therein. If the sale to the ultimate consumer of the product constitutes the only "retail sale" of the container, then the ultimate consumer would have to pay the tax when he "purchased" the bottles and would be entitled *790 to a refund of such tax when he returned the bottles for cash or credit, Section 17 of the Act, with the result that the State would derive no revenue whatsoever from the sale or use of all those containers which are returned to the seller of the product contained therein and by him discarded as unfit for further use. We do not believe that the Legislature of this state intended so completely to relieve from the tax the sales of any tangible personal property not specifically exempted by the Act. The Act itself states that "It is hereby declared to be the specific legislative intent to tax each and every sale, admission, use, storage, consumption, or rental levied and set forth in this Act except as to such * * * as shall be specifically exempted therefrom, subject to the conditions appertaining to such exemption."
We hold, then, that the purchase of bottles and cases by the appellee was not for the purpose of "resale," within the meaning of the Revenue Act of 1949.
Nor do we think that the Comptroller erred in interpreting the "container" provision of the 1949 Act, above quoted, as exempting only those containers which are not returnable. "Although not necessarily controlling, as where made without the authority of or repugnant to the provisions of a statute, the contemporaneous administrative construction of the enactment by those charged with its enforcement and interpretation is entitled to great weight, and courts generally will not depart from such construction unless it is clearly erroneous or unauthorized." Coca-Cola Co. v. State Board of Equalization, 25 Cal.2d 918, 156 P.2d 1, 2. Moreover, as in the case just cited, the Legislature of this State at its 1951 session amended the Revenue Act of 1949 to specifically provide that the exemption as to "materials, containers, labels, sacks or bags" applied only to those which are intended to be used one time only. Chapter 26871, Laws of Florida, Acts of 1951. We think, as did the California court in the Coca-Cola Co. case, supra, that "This change may be considered in determining the scope of the tax statute at the time of the transactions here involved for in view of an amendment to the Retail Sales Tax Act at a time when certain groups were resisting collection of taxes assessed against them, the court could infer a legislative intent to clarify rather than change the existing law." See also Sutherland Statutory Construction 3d Ed., Section 5110; People ex rel. West. F.I. Co. v. Davenport et al., 91 N.Y. 574, 591; U.S. v. Turner Turpentine Co., 5 Cir., 111 F.2d 400; and General Petroleum Corp. of Cal. v. Smith, 62 Ariz. 239, 157 P.2d 356, 360, 158 A.L.R. 364, in which it was stated that "The rule seems to be well established the interpretation of a statute by the legislative department goes far to remove doubt as to the meaning of the law. The court has the right and the duty, in arriving at the correct meaning of a prior statute, to consider subsequent legislation."
For the reasons stated, we are of the opinion that the Comptroller did not err in assessing the appellee's purchase of bottles and cases as a "retail sale" within the meaning of the Revenue Act of 1949. Accordingly, the decree appealed from should be and it is hereby
Reversed.
SEBRING, C.J., and TERRELL and MATHEWS, JJ., concur.

On Rehearing.
ROBERTS, Justice.
In its petition for rehearing, the appellee insists that the definition of "retail sale" in the Act, as set forth in the opinion heretofore filed, expressly excludes the transactions here in question from liability for the sales tax. It may be that a strict adherence to the letter of the definition, without more, would justify such a conclusion, since as pointed out in the opinion there is, technically speaking, a "sale" of its bottles and containers to its customers by the appellee and a "sale" by such customers to the ultimate consumer of the beverage contained therein. These features do not, however, for the reasons stated in our opinion, persuade us that the transactions are entitled to exemption from the sales tax, although in other circumstances they would probably retain their essential character as sales.
*791 Upon due consideration, we must adhere to our former opinion.
It is so ordered.
SEBRING, C.J., and TERRELL and MATHEWS, JJ., concur.