PER CURIAM.
The appellees are the owners as tenants in common of a parcel of land upon which they operate a motor court, and are also owners of a leasehold estate of a parcel of land upon which they also operate a motor court, both motor courts operated by them as partners.
The tax assessor of Dade County ás-sessed the appellees’ interest in the real estate as an asset of the partnership, and imposed upon them an intangible assessment based upon the assumption that the net value of the real estate is an intangible asset of an unincorporated company composed of the appellees, under the authority of Sections 199.01 and 199.02, of Florida Statutes, F.S.A.
The chancellor, in his decree in favor of the appellees, stated, “* * * The court is of the opinion and hereby declares that it was not the intention of the Legislature in the enactment of F.S. 199.02 to tax the interest of partners in a general or limited partnership nor the interest of any such person in the surplus or net worth of the partnership as was attempted to be done here * * * ” and with this finding, this court agrees.
The 1959 session of the Legislature amended Section 199.02, by adding thereto this paragraph:
“Nothing herein contained shall apply to the interest in the firm or partnership of a member of an unincorporated firm, or of a partner in a general or limited partnership, nor shall it apply to the interest of any such person in the surplus or net worth of the firm or partnership.”
The Supreme Court of Florida, in Gay v. Canada Dry Bottling Co. of Florida, 59 So.2d 788, 790, cited the rule that it
“ * * * seems to be well established the interpretation of a statute by the legislative department goes far *125 to remove doubt as to the meaning of the law. The court has the right and the duty, in arriving at the correct meaning of a prior statute, to consider subsequent legislation.”
Affirmed.
HORTON, C. J., PEARSON, J., and VANN, HAROLD R., Associate Judge, concur.