Mr. Edward R. Flynn Director Construction Industry Licensing Board Palm Beach County Post Office Box 1548 West Palm Beach, Florida 33402
Dear Mr. Flynn:
This is in response to your request for an opinion on substantially the following questions requiring an interpretation of general law:
 1. TO WHAT EXTENT ARE GENERAL CONTRACTORS AUTHORIZED TO BUILD SWIMMING POOLS?
 2. TO WHAT EXTENT ARE RESIDENTIAL AND BUILDING CONTRACTORS AUTHORIZED TO CONSTRUCT SWIMMING POOLS?
Question One
Your first question requires an analysis of the scope of work of a general contractor as set forth in Ch. 489, F.S., the Construction Practice Act. Section 489.105(3)(a), F.S., defines the term `general contractor' to mean:
 [a] contractor whose services are unlimited as to the type of work which he may do, except as provided in this act. (e.s.)
The only restriction found in Ch. 489, upon the scope of work of a general contractor is set forth in s 489.113(3), F.S., which provides in pertinent part:
 A contractor shall subcontract the electrical, mechanical, plumbing, roofing, sheet metal, and air conditioning work for which a local examination for a certificate of competency or a license is required, unless such contractor holds a state certificate of competency or license of the respective trade category, as required by the appropriate local authority. . . . This subsection does not apply if the local authority does not require a certificate of competency or license for such trade. . . .
The foregoing statute requires all contractors to subcontract the work listed therein if the local government requires a certificate of competency or license for the respective trade category. However, swimming pool construction or repair and servicing is not one of the categories listed in s 489.113(3). Under these circumstances, it seems clear that the principle of statutory construction stating that the Legislature's express mention of one thing implies the exclusion of another ( expressio unius estexclusio alterius) is applicable. See, e.g., Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234 (Fla. 1944).
Therefore, since the scope of work of a general contractor is unlimited, such contractors are authorized to engage in the construction of swimming pools under their general contractor classification without limitation. Compare, AGO 82-45 (authorization of general contractors to install shingle roofing pursuant to s 489.113(3), F.S., not limited to structures such contractors have under construction).
Question Two
The scope of work of a residential contractor is defined to include:
 [c]onstruction, remodeling, repair, or improvement of one-family, two-family, or three-family residences not exceeding two stories in height and accessory use structures in connection therewith. Section 489.105(3)(c), F.S.
Similarly, a building contractor is defined to mean:
 [a] contractor whose services are limited to construction of commercial buildings and single-dwelling or multiple-dwelling residential buildings, which commercial or residential buildings do not exceed three stories in height, and accessory use structures in connection therewith or a contractor whose services are limited to remodeling, repair, or improvement of any size building if the services do not affect the structural members of the building. Section 489.105(3)(b), F.S.
These definitions do not include the construction, repair or servicing of swimming pools within their terms. Swimming pool contractors and pool servicing contractors are separately provided for and defined by paragraphs (j), (k) and (l) of subsection (3) of s 489.105 F.S. Thus, a contractor (other than a general contractor) who engages in swimming pool work must be either registered or certified as a swimming pool contractor or swimming pool servicing contractor unless otherwise provided in Ch. 489.
The question then becomes whether the construction or repair of a swimming pool constitutes an `accessory use structure' within the meaning of the definitions of building and residential contractor. In AGO 76-239, my predecessor considered the question of whether the activity of constructing tennis courts was included within the term `structure' and `accessory use structure' for purposes of the definitions of building contractor and residential contractor. In answering these questions in the affirmative, AGO 76-239 noted that the definition of `accessory' was defined as:
 Anything which is joined to another thing as an ornament, or to render it more perfect, or which accompanies it, or is connected with it, as an incident, or as subordinate to it, or which belongs to or with it.
Although not mentioned in that opinion, Part II of Ch. 468 F.S. 1975, did not provide for or purport to regulate or define `tennis court contractors.' Although a swimming pool might also be deemed to fall within the broad definition of accessory or accessory use, for certain purposes such as zoning restrictions, unless and until it is legislatively or judicially determined otherwise, I am unable to so conclude in this particular context, in light of the Legislature's express creation of a separate classification for swimming pool contractors and swimming pool servicing contractors. This legislative definition when coupled with the fact that the scope of work of residential and building contractors is not unlimited, leads me to conclude that swimming pool construction or repair and servicing does not fall within the statutory definitions and prescribed scope of work of residential and building contractors. This conclusion is buttressed by the fact that the Construction Industry Licensing Board, the agency charged with the administration of Ch. 489, has long expressed the view that residential and building contractors are not authorized to build swimming pools under their respective classification. Under these circumstances, it is appropriate to note the well-established principle that long-standing statutory interpretations made by officials charged with the administration of the statutes are to be given great weight and will not be overturned by the courts unless clearly erroneous. See, e.g., State ex rel. Biscayne Kennel Club v. Board of Business Regulation, 276 So.2d 823 (Fla. 1973); Gay v. Canada Dry Bottling Co. of Florida, 59 So.2d 788 (Fla. 1952).
Therefore, I am of the view that the scope of work of state certified or registered building and residential contractors does not include the construction or repair and servicing of swimming pools.
In summary, it is my opinion that: (1) a state certified or registered general contractor, whose scope of work is unlimited, is authorized to engage in the construction or repair of swimming pools under his general contractor classification without limitation. (2) Unless and until legislatively or judicially determined otherwise, swimming pool construction or repair and servicing does not fall within the statutory definitions and prescribed scope of work of building and residential contractors.
Sincerely,
Jim Smith, Attorney General
Prepared by: Patricia R. Gleason, Assistant Attorney General