757 P.2d 90

**SHAMROCK FOODS COMPANY, an Arizona corporation, Plaintiff/Counterdefendant/Appellee,**

v.

**CITY OF PHOENIX, a municipal corporation of the State of Arizona, Defendant/Counterclaimant/Appellant.**

No. CV–87–0216–PR.

Supreme Court of Arizona, En Banc.

June 7, 1988.

Jennings, Strouss & Salmon by Jefferson L. Lankford, Ann M. Dumenil, Phoenix, for plaintiff/counterdefendant/appellee.

Roderick G. McDougall, Phoenix City Atty. by Philip M. Haggerty, Sandra K. McGee, Janice M. Marquez–Foley, Asst. City Attys., Phoenix, for defendant/counterclaimant/appellant.

HOLOHAN, Justice.

We accepted review of this case to determine whether non-container paper and plastic products (napkins, straws, coffee stirrers, etc.) are subject to the Phoenix City "privilege tax." We granted review pursuant to 17A A.R.S. Civil Appellate Proc. Rules, Rule 23.

## FACTS

Shamrock Foods Company (Shamrock) sells disposable paper and plastic products to restaurants and similar food service businesses. These products consist of beverage cups and lids, paper napkins, drinking straws, plastic knives, forks and spoons, paper plates, paper bags, cardboard trays and other items. The restaurants and food service businesses that buy the paper and plastic products from Shamrock furnish them to their customers with the meals that they sell. The restaurants and food service businesses include the cost of those products in setting the retail prices for their food products.

The City of Phoenix (the City) audited Shamrock for the period from September 1, 1979, through August 31, 1982, and assessed additional privilege license taxes, use taxes, and interest against it. Shamrock pursued and exhausted its administrative remedies, paid the taxes and interest under protest, and commenced this action in the superior court seeking a refund. The City counterclaimed for additional taxes and interest relying on grounds advanced at the administrative level but on which Shamrock had prevailed.

The parties filed cross-motions for summary judgment concerning all claims and counterclaims. The trial court ruled in Shamrock's favor on all issues. The trial court found that the sales of paper and plastic products were outside the scope of the City's privilege tax because they were sales for resale. It found that the paper and plastic products became "a part of the sale of food items" because the customer purchased food and "the necessary paper products to carry or handle or eat that particular food item." Because the products became part of the food items, the court concluded that they were resold to the customer, and, therefore, were not subject to the tax.

The City appealed and the Court of Appeals affirmed in part and reversed in part. The court found that while paper and plastic products used to contain the food items were outside the scope of the tax, the non-container paper and plastic products were not. The sole question on review is whether the appellate court's treatment of the non-container paper and plastic products was correct.

The real issue in this case is to define the scope of the City's privilege tax. It is clear

that the privilege tax applies only to retail sales. City Code § 14–2. Retail sales are sales "for any purpose other than resale thereof." *Id.* A sale is very broadly defined by § 14–1 as "any transfer of title or possession ... for consideration." As an ordinance which defines the tax rather than creating an exemption from tax, the statute is construed in favor of the taxpayer. *Arizona Tax Commission v. Dairy & Consumers Cooperative Association,* 70 Ariz. 7, 215 P.2d 235 (1950).

The Court of Appeals attempted to define the scope of the privilege tax using the "container" approach. "[T]hat a sale is not one at retail when a supplier sells containers to a wholesaler or manufacturer, who then sells his product packed in these containers either to a retailer or to an ultimate consumer." *Burger King, Inc. v. State Tax Commission,* 51 N.Y.2d 614, 618, 435 N.Y.S.2d 689, 693, 416 N.E.2d 1024, 1028 (1980). The foregoing has long been the law in Arizona. *Moore v. Arizona Box Company,* 59 Ariz. 262, 126 P.2d 305 (1942). There, this court explained why wooden crates sold to produce packers were sales for resale:

> The container is purchased by the packer only for purpose of passing on together with the fruit or vegetable; that it cannot be used in any other practical manner, and that without the container the packer's business would be ruined and his product, for all practical intents and purposes so far as resale is concerned, valueless. Under these circumstances, we think the container was sold by plaintiff for the purpose of resale, and that it is not subject to the 2% retailer sales tax.

*Moore,* 59 Ariz. at 268, 126 P.2d 305.

Consistent with this view the Court of Appeals concluded in the present case that those items used to contain the food product (e.g. wrappers, beverage cups, french fry sleeves, etc.) were purchased for resale and not subject to the privilege tax. We agree.

For obvious reasons, however, the Court of Appeals did not find *Moore* applicable to Shamrock's sales of non-container paper and plastic products. Relying on *Celestial Food v. New York State Tax Commission,* 63 N.Y.2d 1020, 1021, 484 N.Y.S.2d 509, 510, 473 N.E.2d 737, 738 (1984), the Court of Appeals found these items subject to the city privilege tax. There the New York Court of Appeals refused to declare invalid a Tax Commission regulation which expressly subjected "a restaurant's purchase of napkins, straws, stirrers, plastic utensils and other similar items to sales tax ..." *Id.* 484 N.Y.S.2d at 510, 473 N.E.2d at 738. In so holding, the New York court stated:

> Unlike the packaging in *Burger King,* the items respondent here seeks to exclude from sales tax are not *a critical element* of the product sold and thus are not purchased "for resale as such." Whereas a cup of coffee cannot be purchased without a container, the same cannot be said of napkins, stirrers and utensils, which are more akin to items of overhead, enhancing the comfort of restaurant patrons consuming the food products.... Although the cost of such items may be taken into account by the restauranteur when setting the price of food, so are other amenities a restaurant patron expects, such as service, utilities and fixtures, which do not become part of the product being sold merely because their cost is a factor in determining the price the customer pays. *Only when ... such items are necessary to contain the product for delivery can they be considered a critical element of the product sold,* and excluded from sales tax.

*Id.* (emphasis added).

We are not in accord with the New York court's position on this issue. Whether an item is a "critical element" of the product sold is not the dispositive issue under the City's ordinance. Code § 14–2 only applies to retail sales which are sales "for any purpose other than resale thereof." The relevant factor is not whether the product is used as a container, but whether the product is transferred or possessed by the restaurant's customer for a consideration. So long as we find that the products are transferred to or possessed by the restau-

rant customer for consideration, a sale has occurred. City Code § 14–1.

It is established in the record that the costs of these products were included in setting the retail price of the food products. Hence, Shamrock claims, consideration is given for these non-container products. When the restaurant customer uses these products as part of their meal, they gain "title or possession" of the product. Therefore, "a sale" has occurred. We agree.

Support for this position is found in *Macke Co. v. Comptroller of the Treasury*, 302 Md. 18, 485 A.2d 254 (1984). There "sale" was defined the same way as § 14–1. Consistent with this court's opinion in *Moore*, the *Macke* court held that disposable plates, cups, bowls and lids used by a taxpayer in the operation of his cafeteria business were resold to the cafeteria's customers because the food and the container were sold as a "unit" and either component would be relatively valueless if sold separately. However, unlike *Celestial Foods*, the *Macke* court focused on whether the ultimate consumer acquired title or possession to the product:

> In the practical world of today a purchaser does not go around, as the taxing authorities contend, with a paper bag, a milk pail or bucket or other container in his hand to carry home goods which he buys, since he knows the goods purchased will be delivered to him wrapped or nicely packaged. The ultimate purchaser likewise knows that the dealer is not giving these wrappings, etc., free. The taxing authorities also contend that containers, wrapping paper and the like are part of a merchant's overhead, the same as light, heat and showcase. We disagree. *The ultimate consumer does not acquire title or possession of light, heat or showcases in a merchant's store, whereas he does acquire both title and possession to the containers, wrapping paper and packaging material which enclose the product he purchases.*

485 A.2d at 256. (emphasis added)

The same reasoning is equally applicable to eating utensils, napkins and other items.

A customer knows that the necessary non-container items will be provided so that it will be unnecessary for him to carry around eating utensils, napkins or straws to consume his meal. Furthermore, when the customer takes or receives these items, he knows that he is not being given these items free but that their cost is included in the purchase price. Finally, he acquires both title and possession of these items as part of his purchase of the food products.

We do note, however, that the *Macke* court found that the same items in dispute here were subject to the retail sales tax because no consideration was given for them. It appears that the non-container items in *Macke* were kept separate from the food sold, and the paper products were on the premises but available to purchasers and nonpurchasers alike. In the present case, two of the affidavits filed below disclose that two restaurant owners who do business with Shamrock provide their customers the non-container products when a purchase is made. Hence, at least with respect to these restaurants, nonpurchasers have no access to these items. However, even if we are to assume that other restaurants supplied by Shamrock keep these products on the premises in an area accessible to nonpurchasers, we reject the *Macke* court's view that no consideration is given for these items. Whether a customer receives these items at the service counter or they are separately available to purchasers and nonpurchasers, the cost of these items are part of the price of the meal. It makes no sense to base the taxation decision on whether the restaurant furnishes a napkin with the meal at the time of service or provides the napkin in a container available to the customer. The price of the meal includes the napkin, and the customer has paid for it. The fact that a nonpurchaser may carry out some napkins does not change the nature of the business operation. In essence the reality is that Shamrock sells the paper and plastic products to the restaurants, and they, in turn sell these products and food to the ultimate consumer, the restaurants' customers. We conclude that Shamrock's business constitutes the sale of products for resale, and

they are not subject to the city privilege tax.

The opinion of the Court of Appeals is approved in part and vacated in part, and the judgment of the superior court is affirmed.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and MOELLER, JJ., concur.

**Editor's Note:** The opinion of the Court of Appeals of Arizona in *Zavala v. Arizona State Personnel Board* originally cited as 157 Ariz. 290 has been withdrawn pending consideration of a petition for review by the Arizona Supreme Court.