585 So.2d 319 (1991)
Hugh D. ROWLES, etc., Appellant,
v.
DEPARTMENT OF BUSINESS REGULATION, etc., Appellee.
No. 90-1686.
District Court of Appeal of Florida, Fifth District.
July 25, 1991.
Rehearing Denied September 17, 1991.
*320 F.A. Ford, Jr., of Landis, Graham, French, Husfeld, Sherman & Ford, P.A., DeLand, for appellant.
Karl M. Scheuerman, Deputy Gen. Counsel, and James H. Parker, Asst. Gen. Counsel, of Dept. of Business Regulation, Tallahassee, for appellee.
PETERSON, Judge.
We are asked to construe section 723.002(1), Florida Statutes (1989),[1] to determine whether chapter 723 applies to a mobile home park which at one time had more than ten rental lots on which tenants had placed mobile homes, but which, at the time of alleged violations of the chapter, had only eight tenants remaining. Seven of the eight remaining tenants had placed their mobile homes on lots when more than ten tenants existed. No proof was offered to show that the eighth, Marie Warnock, placed a mobile home in the park when ten or more lots were offered for rent or lease.
The appellant, the mobile home park owner, appeals from a final order of the Department of Business Regulation, Division of Florida Land Sales, Condominiums, and Mobile Homes (Division). The Division found that chapter 723 applied to the park and required that payment of costs of relocation of mobile homes be made to four tenants or required the park owner to reach any other mutually agreeable settlement with the respective owners within ninety days from the date of the order. We affirm with the exception of the applicability of the order to Marie Warnock.
The mobile home park owner argues that the plain meaning of the statute is that chapter 723 no longer protects tenants whenever the number of lots available for lease or rent is fewer than ten, irrespective of how many lots were once available for lease or rent and irrespective of when the tenants placed their mobile homes on the lots. He argues that chapter 83 governs the landlord/tenant relationship once the number is reduced from ten or greater to less than ten.
On the other hand, the Division argues that a tenant has a vested protection under chapter 723 if the requisite number of lots were available for rent or lease when the tenancy was created. It is the Division's position that the number of mobile homes remaining at the time the park owner commences to remove the tenants is irrelevant. The Division also points out that, if the owner's argument were accepted, each time the landlord makes available fewer than ten lots for rent or lease, the individual tenants who originally had chapter 723 protection would temporarily lose this protection only to regain it if ten or more lots were offered later. One day chapter 723 would apply, and the next day chapter 83 would apply, resulting in an illogical scheme that cannot have been the intent of the legislature.
The Division's argument has merit. It is bolstered by the legislature's 1990 amendment to section 723.002 which added the following two sentences to subsection (1):
However, this chapter shall continue to apply to any tenancy in a park even though the number of lots offered in that park has been reduced to below ten if *321 that tenancy was subject to the provisions of this chapter prior to the reduction in lots. This subsection is intended to clarify existing law.
The supreme court in Gay v. Canada Dry Bottling Company of Florida, 59 So.2d 788 (Fla. 1952), told us that, in arriving at a correct meaning of a prior statute, a court has the right and duty to consider subsequent legislation.
The adoption of the view of the mobile home park owner would frustrate the purpose of the legislation which was to assure to mobile home park tenants reimbursement of the substantial costs of moving and placing a mobile home in a new park when the mobile home park owner, who earlier had enticed the tenants into the park, unilaterally changes the use of his land. Many abuses are available to the park owner if the rule were otherwise including, perhaps, exemption of the last nine tenants from the requirement of payment for relocation. Additionally, we find that the word "placed" in the first sentence of subsection 723.002(1) makes reference to that point in time when a tenant places the mobile home on the rented or leased lot so that, if the rights of chapter 723 apply at that time, they continue to apply to that tenant irrespective of the subsequent reduction of available lots through attrition or design.
The Division's final order is affirmed with the exception that we vacate that portion of the order requiring payment for relocating the property of Marie Warnock.
AFFIRMED in part; VACATED in part.
COWART, J., and ANTOON, J., II, Associate Judge, concur.
NOTES
[1] Section 723.002(1) reads as follows: "The provisions of this chapter apply to any residential tenancy in which a mobile home is placed upon a rented or leased lot in a mobile home park in which ten or more lots are offered for rent or lease. This chapter shall not be construed to apply to any other tenancy ... When both the mobile home and lot are rented or when fewer than ten lots are available for rent or lease, the tenancy shall be governed by the provisions of part two of chapter 83, the Florida Residential Landlord and Tenant Act."