213 P.2d 363

**ALVORD et al. v. STATE TAX COM·
MISSION et al.**

No. 5293.

Supreme Court of Arizona.

Jan. 3, 1950.

Scott & Green, of Phoenix, Whitney, Ironside & Whitney, of Phoenix, for petitioners.

Fred O. Wilson, Attorney General, Lorna E. Lockwood, Assistant Attorney General, Edward Jacobson, Assistant Attorney General, for respondents.

Cunningham, Carson, Messinger & Carson, of Phoenix, Gust, Rosenfeld, Divelbess, Robinette & Linton, of Phoenix, Evans, Hull, Kitchel & Jenckes, of Phoenix, Holzworth, Phillips & Jones, of Phoenix, Rawlins, Davis, Christy, Kleinman & Burrus, of Phoenix, Snell, Wilmer, Walsh, Melczer & Beauchamp, of Phoenix, Francis J. Ryley, G. R. Carlock, of Phoenix, Kramer, Morrison, Roche & Perry, of Phoenix, Jennings, Strouss, Salmon & Trask, J. A. Riggins, Jr., Henry S. Stevens, Rex H. Moore, of Phoenix, amici curiæ.

WINDES, Superior Judge.

By a proceeding initiated directly in this court petitioners, for themselves and all other persons similarly situated, have sought a writ of prohibition to prevent the State Tax Commission of Arizona, from subjecting owners of agricultural lands, dwelling houses and certain other properties from which rentals are now being re-

ceived to the provisions of the "Excise Revenue Act of 1935", as amended, A.C.A. 1939, § 73-1301 et seq. Inasmuch as substantial revenue of the state is involved, as well as the legal rights of thousands of potential new taxpayers, we assumed original jurisdiction, issued an alternative writ of prohibition and set the matter down for an early hearing. Oral argument was granted and the issues have now been fully presented not only by the parties litigant, but by distinguished counsel appearing amici curiæ.

The Twelfth Legislature passed the Excise Revenue Act of 1935, and by Section 2 thereof, imposed privilege taxes upon various classes of businesses including "hotels, guest houses, dude ranches and resorts, rooming houses, apartment houses, automobile rental services, automobile storage garages, parking lots, tourist camps or any other business or occupation charging storage fees or rents and adjustment and credit bureaus and collection agencies." Subsection (f) 2, Section 2, article 2, Chapter 77, 1935 Session Laws. Forthwith the question arose whether the foregoing provisions authorized the imposition of a tax upon one renting for mercantile and office purposes. The question was presented to this court and we held that the phrase therein, "any other business or occupation charging storage fees or rents" only embraced businesses of the same kind, class, or nature, and therefore it was not intended to reach the income derived from renting office and mercantile buildings. In arriving at this conclusion the rule of ejusdem generis was invoked. This decision was rendered July, 1935. White v. Moore, 46 Ariz. 48, 46 P.2d 1077, 1080. Two years later the Thirteenth Legislature amended the foregoing quoted portions of the statute by adding the words "office buildings" so that the same now reads: "Hotels, guest houses, dude ranches and resorts, rooming houses, apartment houses, *office buildings,* automobile rental services, automobile storage garages, parking lots, tourist camps, or any other business or occupation charging storage fees or rents, and adjustment and credit bureaus and collections agencies." (Emp. sup.) Laws 1937, 1st S.S., Ch. 2, Sec. 2, Sec. 73-1303, A.C.A.1939.

From 1937 until the present time the authorities administering the law have construed the amendment as merely designating one additional business, that of "office buildings", as subject to tax. The state now contends that the tax should be imposed upon any and all businesses or occupations charging storage fees or rents. In other words, the state contends that by the addition of the words "office buildings" the effect of the decision in White v. Moore, supra, has been entirely dissipated.

The problem presented, therefore, is whether the legislature, by the amendment of 1937 which was passed after the court's construction of the original Act intended to make its provisions all inclusive so as to reach the rents collected by the petitioners.

290

The problem presented in White v. Moore, supra, was whether the provisions of the original Act were all inclusive so as to reach the rentals derived from store rooms and offices. The court in that case held that the term "any other business or occupation charging storage fees or rents" was not all inclusive so as to capture and tax the proceeds derived from the renting of business properties for mercantile and office purposes. In its decision, the court said:

"A mere reading of these two groups suggests that in selecting the businesses composing each the Legislature had in mind occupations through which runs a common thread or purpose. In the first it meant to include those furnishing chiefly entertainment or amusement for the public, such, for instance, as shows, races, games; and in the second, those supplying accommodations, either wholly or in part, for tourists or transients, such, for instance, as guest houses, dude ranches and resorts, hotels or tourist camps. One reading these two enumerations finds it difficult, if not impossible, to escape the conclusion that only businesses possessing these respective characteristics were intended to be included in these groups.

"The nine occupations mentioned in number 2, preceding the general words, 'or any other business,' do not possess the common factor in the same degree, but this is ·not material since it is plain that furnishing accommodations for tourists, either living quarters for themselves or storage for their cars, forms a substantial portion of the business of all of them, except one, automobile rental services, which supplies rental cars for residents as well as tourists. Guest houses, dude ranches and resorts, and tourist camps deal almost exclusively with tourists or transients, while hotels, rooming houses, apartment houses, automobile rental services, automobile storage garages and parking lots accommodate this same class of people in large part though not so completely as the other three. Hence, by using the general language 'or any other business or occupation charging storage fees or rents,' following the enumeration of these particular businesses, the Legislature evidently intended to include only rental businesses of a kind similar to those specifically named, and since by the latter it had in mind only those furnishing living accommodations to tourists or transients, either in whole or in part, it is hardly reasonable to presume that it intended that the business of renting offices and store rooms to permanent residents for business purposes should come within the term 'any other business charging rents.' The rule of ejusdem generis invoked by appellant removes any doubt that may exist as to its intention in this respect, if applicable, and it occurs to us that it is. * * *

"To accept the construction appellee contends for, however, that the term, 'any other business charging rents,' is all-inclusive in meaning and applies to every kind or character of business that charges rents,

whether similar to those enumerated or not, is to hold in the face of all authority that the word 'other' is not restrictive in meaning and, hence, that the Legislature had no purpose in particularizing the nine businesses preceding it. If that body had entertained this view it is difficult to believe that it would have attempted to carry it into effect in such an uncertain and doubtful manner, when it could have done so easily and naturally by including the renting of property for business purposes as one of those especially enumerated, or by inserting another subdivision applying to it, or in some other appropriate way. The fact that it did not do this points strongly to the conclusion that such was not its intention."

The state insists that when the Legislature inserted the words "office buildings" in its enumeration of businesses preceding the words "other business or occupation charging * * * rents", it severed the "thread of common purpose" to wit: transiency mentioned in White v. Moore, and thereby made the rule of ejusdem generis inapplicable in arriving at the legislative intent, and that therefore the necessary conclusion is that the Legislature intended by the destruction of this "thread of common purpose" to seize for taxation everything, including rents from farms, dwelling houses, store rooms and so forth.

 This rule of ejusdem generis is of course a well-known rule of statutory construction. It is however only one of many which are resorted to, if necessary, to attempt to expose some unknown legislative intent. When there is an enumeration of particular classes of people or things followed by general words the court will use all legitimate sources to discover whether in the use of general words it was intended they be given an unlimited or a restricted meaning.

 We have here a revenue act, the construction of which to say the least, is doubtful, and consequently should be given a strict construction against the taxing power, giving due regard to the expression of the legislative intent. General Petroleum Corporation v. Smith, 62 Ariz. 239, 157 P.2d 356, 158 A.L.R. 364. Taxing statutes are not and should not be extended to embrace objects bearing the burden of taxation by a strained construction or implication. 59 C. J. Section 670, p. 1131. Matters or persons upon whom these burdens are placed should be pointed out with reasonable clarity and not left to the realm of speculation.

 When this amendment was adopted the law makers had before them the case of White v. Moore, supra. They knew the problems involved in that case, and the uncertainties presented by the language of the original act. This decision was in fact a part of the law they were amending. The original enactment, the amendment and the decision must be construed together. The decision told the Legislature it had by the original act imposed no tax on rentals from offices and store rooms for the reason that

it had specifically designated certain businesses through which ran a common thread or purpose followed by the expression "any other business or occupation charging * * * rents". The decision told the Legislature that when it used this phrase it used it in a restrictive sense, and that to construe such general language as all inclusive in meaning, so as to apply to every kind or character of business that charge rents, was equivalent to holding that when the Legislature used the word "other", if it meant to use it in a non-restrictive sense, there was no purpose in particularizing the nine businesses preceding. It was told in effect that if it was to use these general terms without restriction there was no object in particular enumeration. With all this before it, the Legislature, in its amendment, proceeded to make the same particular enumerations with one addition and proceeded to use the same general words "any other business or occupation charging storages fees or rents". As was said in the White case, if the Legislature intended to embrace all businesses charging storage fees and rents, there was no object in particular enumeration unless the Legislature intended the general terms to be restrictive. In our opinon it is much more reasonable to assume that the Legislature expected to only add one more enumerated business for the purpose of taxation than to speculate that it intended in such an uncertain manner, merely inserting another classification, to reach out and levy a tax on any and all businesses collecting rents. The imposition of a tax cannot depend upon any such uncertainty when it would have been so easy to have rendered it certain. Objects to be taxed must be designated with reasonable clarity in the construction of a taxing statute. The courts will not strain, stretch and struggle to uncover hidden taxable items. It is for the Legislature to expose them so the administrators of the law can proceed to gather the revenue without confusion and with reasonable certainty. Considering the history of this legislation and its construction, we cannot adopt the state's theory. The designation of taxable objects must be accomplished in some more substantial manner than the mere severance of a thread of common purpose. Such is not the proper way to impose the burden of taxation.

For twelve years the administrative officers enforced this law as now contended for by petitioners. During all this time the Legislature was apparently satisfied with this interpretation, otherwise, it doubtless would have clarified the statute. Administrative interpretation is not controlling, but when allowed to be operated for years the courts do give some weight to such interpretation in construing the law. Van Veen v. County of Graham, 13 Ariz. 167, 108 P. 252. The rule of ejusdem generis cannot control this situation. The history of the legislation and its interpretation by the courts and the administrative officers point too clearly to the legislative

intent, to make it necessary to invoke the rule or to indulge in any fine spun legal theories of its application and thereby gather in a large number of businesses for taxation when the Legislature, if it intended to embrace such a large field, should have said so in a reasonably clear manner.

The alternative writ of prohibition is made permanent.

UDALL, STANFORD, and PHELPS, JJ., and FRANK E. THOMAS, Superior Court Judge, concurring.

NOTE: Chief Justice LA PRADE and Justice DE CONCINI having announced their disqualification, Honorable DUDLEY W. WINDES and Honorable FRANK E. THOMAS, Judges of the Superior Court, were called to sit in their stead.