376 P.2d 865

Warren **PETERSON**, Thad M. Moore and William E. Stanford, as members of and constituting the State Tax Commission of the State of Arizona, and J. W. Kelly, State Treasurer of the State of Arizona, and Jewel W. Jordan, State Auditor of the State of Arizona, Appellants,

v.

Reid **SMITH**, Appellee.

No. 6942.

Supreme Court of Arizona.

En Banc.

Dec. 19, 1962.

Wade Church, former Atty. Gen., Stanley Z. Goodfarb, former Asst. Atty. Gen., and Robert Pickrell, present Atty. Gen., for appellants.

Stevenson & Babbitt, Flagstaff, for appellee.

BERNSTEIN, Chief Justice.

Appellants, the State Tax Commission, were defendants in the trial court in a suit by appellee to recover approximately $6,-000.00 in transaction privilege taxes assessed by the Commission and paid under protest by the appellee.

Appellee was engaged in the business of leasing trucks and trailers by the year for use in hauling logs. It had but one customer —Southwest Lumber Mills. The tax was assessed on appellee's business pursuant to § 42–1314, A.R.S., which reads:

"The tax imposed by subsection A of § 42–1309 shall be levied and collected at an amount equal to two per cent of

the gross proceeds of sales or gross income from the business upon every person engaging or continuing within this state in the following businesses:

"1. Operating or conducting theaters, movies, operas, shows of any type or nature, exhibitions, concerts, carnivals, circuses, amusement parks, menageries, fairs, races, contests, games, billiard and pool parlors and bowling alleys, public dances, dance halls, boxing and wrestling matches and any business charging admission fees for exhibition, amusement or instruction, other than projects of bona fide religious or educational institutions.

"2. Hotels, guest houses, dude ranches and resorts, rooming houses, apartment houses, office buildings, *automobile rental services,* automobile storage garages, parking lots, tourist camps or any other business or occupation charging storage fees or rents." (Emphasis supplied.)

The question for decision is whether the leasing of trucks and trailers by the year to but one customer for the purpose of hauling logs is taxable as an "automobile rental service." Appellee admits that the equipment leased may be considered automobiles. He admits that his business is one of rentals. His claim is that the phrase "automobile rental service" when read in the context of the act does not include his kind of business.

We agree. This court construed the act in question in White v. Moore, 46 Ariz. 48, 56–57, 46 P.2d 1077, 1080–1081. In that case, a tax on rents from an office building was held not to be contemplated by the act.

"A mere reading of these two groups [of businesses taxed under the statute] suggests that in selecting the businesses composing each the Legislature had in mind occupations through which runs a common thread of purpose. In the first it meant to include those furnishing chiefly entertainment or amusement for the public, such, for instance, as shows, races, games; and in the second, those supplying accommodations, either wholly or in part, for tourists or transients, such, for instance, as guest houses, dude ranches and resorts, hotels or tourist camps. One reading these two enumerations finds it difficult, if not impossible, to escape the conclusion that only businesses possessing these respective characteristics were intended to be included in these groups.

"The nine occupations mentioned in number 2 preceding the general words, 'or any other business,' do not possess the common factor in the same degree, but this is not material since it is plain that furnishing accommodations for

tourists, either living quarters for themselves or storage for their cars, forms a substantial portion of the business of all of them, except one, automobile rental services, which supplies rental cars for residents as well as tourists. *Guest houses, dude ranches and resorts, and tourist camps deal almost exclusively with tourists or transients, while hotels, rooming houses, apartment houses, automobile rental services, automobile storage garages and parking lots accommodate this same class of people in large part though not so completely as the other three.* Hence, by using the general language 'or any other business or occupation charging storage fees or rents,' following the enumeration of these particular businesses, *the Legislature evidently intended to include only rental businesses of a kind similar to those specifically named, and since by the latter it had in mind only those furnishing living accommodations to tourists or transients, either in whole or in part,* it is hardly reasonable to presume that it intended that the business of renting offices and storerooms to permanent residents for business purposes should come within the term 'any other business charging rents.' The rule of ejusdem generis invoked by appellant removes any doubt that may exist as to its intention in this respect, if applicable, and it occurs to us that it is.

According to it the Legislature, in following the enumeration of the nine particular businesses by the general term, 'or any other business or occupation charging * * * rents,' intended to limit or restrict the meaning of this general language to businesses or occupations of the same kind, class or character as those specifically mentioned, that is, to those furnishing living accommodations to tourists or transients." (Emphasis supplied.)

Subsequent to this decision, the Legislature amended the act to include office buildings. But in so doing, they did not enlarge the scope of the other enumerated businesses. We said in Alvord v. State Tax Commission, 69 Ariz. 287, 291–292, 213 P.2d 363, 366–367:

"When this amendment was adopted the law makers had before them the case of White v. Moore, supra. They knew the problems involved in that case, and the uncertainties presented by the language of the original act. This decision was in fact a part of the law they were amending. The original enactment, the amendment and the decision must be construed together. The decision told the Legislature it had by the original act imposed no tax on rentals from offices and store rooms for the reason that it had specifically designated certain businesses through which ran

a common thread or purpose followed by the expression 'any other business or occupation charging * * * rents'. The decision told the Legislature that when it used this phrase it used it in a restrictive sense, and that to construe such general language as all inclusive in meaning, so as to apply to every kind or character of business that charge rents, was equivalent to holding that when the Legislature used the word 'other', if it meant to use it in a non-restrictive sense, there was no purpose in particularizing the nine businesses preceding. It was told in effect that if it was to use these general terms without restriction there was no object in particular enumeration. With all this before it, the Legislature, in its amendment, proceeded to make the same particular enumerations with one addition and proceeded to use the same general words 'any other business or occupation charging storages [sic] fees or rents'. As was said in the White case, if the Legislature intended to embrace all businesses charging storage fees and rents, there was no object in particular enumeration unless the Legislature intended the general terms to be restrictive. *In our opinion it is much more reasonable to assume that the Legislature expected to only add one more enumerated business for the purpose of taxation than to speculate that it intended in such an uncertain manner, merely inserting another classification, to reach out and levy a tax on any and all businesses collecting rents."* (Emphasis supplied.)

We hold that in the context of this act the term "automobile rental service" means the business of renting cars on a temporary basis. In most cases, the person who rents the car will be a transient or one who needs the use of a car for a short time. It does not contemplate such a business arrangement as we have here where the leases are for a long term and a permanent business arrangement between the parties is contemplated.

Affirmed.

UDALL, V. C. J., and STRUCKMEYER, JENNINGS and LOCKWOOD, JJ., concur.