569 P.2d 1366

**AZTEC FILM PRODUCTIONS, INC., Appellant and Cross Appellee,**

v.

**Charles QUINN, Appellee and Cross Appellant.**

**No. 2 CA–CIV 2441.**

Court of Appeals of Arizona, Division 2.

July 19, 1977.

Rehearing Denied Aug. 19, 1977.

Review Denied Sept. 22, 1977.

Donald C. Deagle, Tucson, for appellant and cross appellee.

Waterfall, Economidis, Caldwell & Hanshaw, P. C. by Douglas P. Mitchell and A. Alan Hanshaw, Tucson, for appellee and cross appellant.

## OPINION

RICHMOND, Judge.

Appellant was awarded damages for breach of a covenant not to compete, but appeals from the trial court's failure to enforce the forfeiture clause in the agreement between the parties. Appellee has perfected a cross appeal from the judgment against him.

Testimony disclosed that Ken Byrnes and appellee operated the business known as Aztec Film Productions as a partnership for seven or eight years before incorporating in May 1971 as Aztec Film Productions, Inc. In April 1973 they agreed to go their separate ways, with the corporation purchasing appellee's stock. A written agreement of sale established the purchase price at $50,-000, payable at the rate of $5,000 per year over a period of ten years. The agreement provided further:

> "It is further agreed that first party [appellee] shall be permitted to engage in free lance cinematography without restriction as to time or area within the State of Arizona; however, it is further and specifically agreed that first party shall not negotiate with, contact or perform motion picture related services for any land development or industrial company for which second party has provided services in the past, is presently rendering services to, or with which second party may be engaged in negotiations with at the signing of this document, ~~in the future during the period~~ in which the promissory note attached hereto shall remain unpaid. Unless agreed upon separately in writing to the contrary, any violation of the foregoing covenant not to compete by first party shall have the effect of immediately cancelling out any remaining balance that might be due upon the attached note, as of the date said breach is committed, without the need of further legal process. Said cancellation is agreed to be liquidated damages with reference to breach of this portion of the agreement only;"

The trial court found in its judgment that appellee had breached the foregoing provision "by negotiating and performing one small isolated motion picture related service" for an industrial company that asked him to update a film he had prepared while employed by the Aztec Film Productions partnership prior to incorporation. His profit on the job was $1,652.02, which amount the court found "entirely disproportionate" to the $40,000 balance then subject to forfeiture under the agreement of sale. The court awarded appellant the sum of $1,652.02, plus attorney's fees due the prevailing party under the agreement.

With respect to the court's failure to declare a forfeiture after finding a breach of the covenant not to compete, appellant directs us to the following language of the supreme court in *Tennent v. Leary*, 82 Ariz. 67, 73, 308 P.2d 693, 697 (1957):

"We find the rule to be that although forfeitures are not favored in the law, if the agreement is that such forfeiture was intended as liquidated damages, such contract relating thereto, will be enforced unless the amount agreed to be forfeited would be so grossly excessive as to be entirely disproportionate to any possible *loss that might have been contemplated,* so that to enforce it would shock the conscience of the court." (Emphasis supplied)

Although the proper test under *Tennent* is not disparity between the prospective forfeiture and the loss actually sustained, the rule has no application unless the court first finds "that such forfeiture was intended as liquidated damages," and disproportionate actual damages may have some bearing on determination of that intent. *See Marshall v. Patzman,* 81 Ariz. 367, 306 P.2d 287 (1957).

In *Miller Cattle Co. v. Mattice,* 38 Ariz. 180, 298 P. 640 (1931), the court stated:

"One of the principal rules used in determining whether a contract fixes a penalty or liquidated damages is whether the payment mentioned in the contract is a fixed and definite sum, regardless of the nature or extent of the breach of the contract, or whether it is based upon, and varies with, the nature and extent of the breach. [Citations omitted.]"

38 Ariz. at 190, 298 P. at 643.

Although the forfeiture in the present case was to decrease with each annual payment reducing the balance due on the note, it was not based upon, and did not vary with, the nature and extent of the breach.

"A penalty is an agreement to pay a stipulated sum on breach of contract, irrespective of the damage sustained. Its essence is a payment of money stipulated as in terrorem of the offending party, while the essence of liquidated damages is a genuine covenanted pre-estimate of damages. The parties are bound by a stipulation for liquidated damages. The amount is fixed and is not subject to change; however, if the stipulated sum is deemed to be a penalty, it is not enforceable and the nondefaulting party is left to the recovery of such actual damages as he can prove."

22 Am.Jur.2d Damages, § 213.

"The distinction between a penalty and a provision for liquidated damages is that a penalty is in effect a security for performance while a provision for liquidated damages is for a sum to be paid in lieu of performance. A penalty is designed to punish for breach of contract whereas liquidated damages are intended as fair compensation for the breach; a penalty is designed to prevent a breach by the threat of punishment." 25 C.J.S. Damages § 101c.

■ It is well settled that in determining whether a particular clause calls for liquidated damages or for a penalty, the name given to the clause by the parties is not conclusive, and the controlling elements are the intention of the parties and the special circumstances of the case. *Miller Cattle Co. v. Mattice,* supra; *Weatherford v. Adams,* 31 Ariz. 187, 251 P. 453 (1926).

■ Under the foregoing rules, it is our opinion that the agreement between the parties provided for a penalty, rather than liquidated damages, and appellant therefore was entitled to recover only the actual damages proved to have resulted from the breach of the covenant not to compete. *Miller Cattle Co. v. Mattice,* supra.

■ On cross appeal, appellee argues that since the corporation was the "second party" to the agreement, the covenant did not apply to motion picture related services performed for a previous customer of the partnership. Appellee's own testimony, however, established that the firm had not done work for any "industrial company" after incorporating, and the trial court apparently determined that the parties to the agreement intended the covenant to apply

to the film company's clients both before and after incorporation. Any other interpretation would render meaningless the reference to an "industrial company for which second party has provided services in the past." A contract is to be construed, if possible, so that every part thereof shall be effective. *Babbitt Bros. Trading Co. v. Marley,* 28 Ariz. 589, 238 P. 392 (1925).

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concurring.