650 P.2d 1222

**GARY OUTDOOR ADVERTISING CO.,**
an Arizona corporation,
Plaintiff/Appellant,

v.

**SUN LODGE, INCORPORATED, an Arizona corporation, and Rex E. Bishop, individually and Rex E. Bishop and Mona E. Bishop, husband and wife, Defendants/Appellees.**

No. 15844.

Supreme Court of Arizona,
In Division.

Sept. 1, 1982.

Morgan & Cord by B. Monte Morgan, Scottsdale, for plaintiff/appellant.

Ettinger & Deckter, P. C. by Nathan A. Parkey, Tucson, for defendants/appellees.

MELVYN T. SHELLEY, Superior Court Judge:

In July and August of 1977, the plaintiff, hereinafter called appellant, and Sun Lodge, Inc., hereinafter called Lodge, entered into two contracts for the lease of two outdoor advertising signs. The contracts were signed by an officer on behalf of appellant and on behalf of the Lodge by Rex E. Bishop, President. The contracts provided that a person signing on behalf of a corporation would be severally liable under the contract.

The Lodge defaulted on the monthly payments required by the contracts and appellant filed suit against the Lodge and Rex E. and Mona Bishop, hereinafter called appellees. Appellant filed a Motion for Summary Judgment. Appellees filed a Counter-Motion for Summary Judgment. The Court granted partial summary judgment in favor of appellant. Default was entered against the Lodge, but the record does not reveal that a default judgment was entered against it.

After the trial of the case, the Court found in favor of appellees and against appellant and entered judgment against appellant, awarding attorney fees to appellees in the amount of one thousand five hundred ($1,500.00) dollars. From this judgment appellant filed this appeal.

■ Appellant contends that the partial summary judgment granted by the court limited the trial only to the issue of the amount of appellant's damages.

This was not the intent of the order granting partial summary judgment. The preamble to the order refers to the provision of the contracts having to do with personal liability of persons signing for the corporation. Based thereon, the court ordered "Defendants REX E. BISHOP and MONA BISHOP are personally liable for any damage which may be ultimately determined at the trial." By no stretch of the imagination can this be construed to exclude liability issues. Said partial summary judgment merely provides that if judgment is entered in favor of appellant, the Bishops would be personally liable with the Lodge for payment of the judgment.

■ Appellant contends that the trial court erred in granting judgment in favor of appellees, and/or, in allowing testimony and evidence on appellees' claim that the contracts were void as against public policy inasmuch as appellees failed to plead affirmative defenses as required by Ariz.R. Civ.P. 8(d) and 12(i).

Appellees did not allege in their answer that the contracts were illusory, unconscionable, penal, void, and against public policy; however, the penalty issue was clearly articulated in appellees' countermotion for summary judgment, and the trial memorandum filed by appellees eleven days before the trial clearly raised all of said defenses. Although appellant alleges it objected at trial to this defense, it did not object in its reply to appellees' countermotion for summary judgment, and it noticed the penalty defense as an issue for trial in paragraph

(4)(A) of its pretrial statement. In addition, the issues so raised were based upon the clear and unambiguous terms of the contracts. Ariz.R.Civ.P. 15(b) states:

"If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits."

This Court in referring to Rule 15(b) said:

"Failure to formally amend the pleadings will not affect a judgment based upon competent evidence. If an amendment to conform the pleadings to the proof should have been made, an appellate court will presume that it was so made to support the judgment."

*Electrical Advertising, Inc. v. Sakato,* 94 Ariz. 68, 71, 381 P.2d 755, 756–57 (1963).

The trial court did not err in receiving evidence relevant to the above mentioned affirmative defenses. The court reasonably could have determined that appellant was not prejudiced by the amendment and justice would be served by allowing the amendment.

Appellant contends that the court erred in failing to direct a verdict in its favor and in failing to grant a new trial. The contracts contained a provision perpetually waiving the statute of limitations. The trial court made only one conclusion of law, holding that the contracts were void because of the provision perpetually waiving the statute of limitations. Appellant submits that because the lawsuit was filed well within the permissible limits of the statute of limitations, that the waiver provision was immaterial. We agree. Such a provision is unenforceable. However, we hold it does not void the contracts in these cases because suit was filed before the expiration of the period set forth in the statute of limitations, A.R.S. § 12–548.

The trial court will be affirmed when it reaches the correct conclusion even if it does so for an incorrect reason. *Certified Collectors, Inc. v. Lesnick,* 116 Ariz. 601, 570 P.2d 769 (1977); *Komarek v. Cole,* 94 Ariz. 94, 381 P.2d 773 (1963). There are other cogent reasons for sustaining the judgment of the trial court in favor of appellees. This Court is not bound by conclusions of law reached by the trial court. *Park Central Development Co. v. Roberts Dry Goods, Inc.,* 11 Ariz.App. 58, 461 P.2d 702 (1969); *Owen v. Mecham,* 9 Ariz.App. 529, 454 P.2d 577 (1969).

Therefore, we may independently determine the validity of the contracts. One portion of the contracts that gives us concern is as follows:

"It is understood and agreed that should we default in these payments for two successive months, Gary Outdoor Advertising shall have the right to discontinue service on the bulletins covered by this contract and sell them to other advertisers, and the rental for the remainder of the term covered by this contract shall at once become due and payable as liquidated damages, and deferred payments will bear interest at ten per cent per annum. The undersigned purchaser(s) hereby perpetually waive(s) the Statute of Limitations."

The above quoted provision eliminates the requirements of mitigation of damages inasmuch as it provides that the entire contractual amount must be paid in the event of default for two successive months. Said provision has no reasonable relation to actual damages—it is penal in nature.

The case of *Vincent v. Grayson,* 30 Cal. App.3d 899, 106 Cal.Rptr. 733 (1973), is very similar to the case at bar, as it deals with an outdoor billboard and the plaintiff prayed for the total unpaid balance of the contract as damages. The court held that when the plaintiff seeks the unpaid contract price in a suit for a total breach of the contract and fails to prove actual damages resulting from the total breach, the award of the unpaid contract price cannot stand as a matter of law. The court stated that an

acceleration clause which provides for the full unpaid contract price without proof of actual damages would be unenforceable as a forfeiture.

In the case at bar, the contract allows appellant to retake the advertising space, sell such space to other advertisers, and collect the entire unpaid rental provided for in the contracts from the defaulting party for the remainder of the term. Each contract covers a 36-month period. It is very clear that during this 36-month period appellant would have costs of maintenance and upkeep plus other overhead requirements in carrying out its part of the contracts as well as the potential for additional rent if a new tenant could be found (which indeed occurred).

However, the contracts do not provide for any offsets in mitigation of damages, and appellant is relieved of all duty to mitigate damages.

"The plaintiff seeks to recover as liquidated damages an amount greater than it would receive had there been no default. These payments were to be made monthly over a period of forty-one months. Under clause (4) of the contract 90 per cent. thereof becomes payable immediately upon breach. The present value of the monthly payments for that period of time, based on the legal rate of interest, would be less than 90 per cent. thereof. Plaintiff would therefore obtain more than the present value of the rentals of the thing leased, and be relieved of the expense and burden of maintenance which, by the testimony of its manager, is estimated at from 8 to 12 per cent. of the amount of rentals.

"The amounts specified as liquidated damages in clause (4) of the contract, under the evidence and law, must be considered as a penalty or forfeiture. It is not reasonable."

*Electrical Products Corporation v. Ziegler Drug Stores,* 141 Or. 117, 125, 15 P.2d 1078, 1081 (1932).

In *Aztec Film Productions, Inc. v. Quinn,* 116 Ariz. 468, 569 P.2d 1366 (App.1977), Division Two of the Court of Appeals stated the rule that when a contractual provision dictates a fixed sum for damages regardless of the actual harm that occurs, the provision may be construed as penal in nature. The court concluded:

"It is well settled that in determining whether a particular clause calls for liquidated damages or for a penalty, the name given to the clause by the parties is not conclusive, and the controlling elements are the intention of the parties and the special circumstances of the case. *Miller Cattle Co. v. Mattice,* [38 Ariz. 180, 298 P. 640 (1931)]; *Weatherford v. Adams,* 31 Ariz. 187, 251 P. 453 (1926).

"Under the foregoing rules, it is our opinion that the agreement between the parties provided for a penalty, rather than liquidated damages, and appellant therefore was entitled to recover only the actual damages proved to have resulted from the breach of the covenant not to compete."

*Id.* 116 Ariz. at 470, 569 P.2d at 1368.

The term liquidated damages as used in the contracts in this case is a misnomer because the contracts actually provide for a penalty. The damages provision is unenforceable. This does not invalidate the entire contract because the general rule of law in such cases still permits the collection of actual damages. *Miller Cattle Co. v. Mattice,* 38 Ariz. 180, 298 P. 640 (1931); *Aztec Film Productions, Inc., supra.* However, in this case appellant failed to present proof as to the amount of actual damages. From the undisputed testimony we find: (1) during the 36 months of each contract appellant would have had maintenance costs, taxes, and insurance, etc. on the signs provided for in the contracts; (2) one of the contracts was entered into on the 1st day of July, 1977 and the other on the 8th day of August, 1977; appellees were in default in the monthly payments in January, 1978; (3) one of the signs was relet by appellant effective February 20, 1978; both signs were sold by appellant in August of 1978 for more than appellant thought they were worth; the reletting therefore occurred 28 months prior to the expiration of that con-

tract and the sale of the two signs occurred 22 to 23 months respectively prior to the expiration of the contract terms. Appellant did not present any evidence on which the court could base a finding of actual damages. Appellant based its claim on the provisions of the contract heretofore quoted providing for full payment of all rental called for therein for the full term of each contract.

In the case of *Owen v. Mecham,* 9 Ariz.App. 529, 454 P.2d 577 (1969), the Court of Appeals held, "We are not bound, however, by the trial court's conclusions of law *and may draw our own legal conclusions from the undisputed facts." Id.* at 531, 454 P.2d at 579 (emphasis added). Because the undisputed facts reveal that appellant failed to prove actual damages, this Court may consider that defect in the proof, even though it was not mentioned by the trial court. Therefore, we conclude that the trial court did not err in failing to direct a verdict for appellant nor in failing to grant a new trial because an award in appellant's favor would have been improper for failure of proof of actual damages.

The judgment of the trial court is affirmed.

GORDON, V. C. J., and FELDMAN, J., concur.

NOTE: The Honorable MELVYN T. SHELLEY, Presiding Judge of the Superior Court of Navajo County was assigned to assist this Court in the disposition of this matter.