882 P.2d 1281

**WILDERNESS WORLD INC.,**
a California corporation,
Plaintiff–Appellant,

v.

**ARIZONA DEPARTMENT OF REVENUE, an Agency of the State of Arizona,**
Defendant–Appellee.

**No. 1 CA–TX 92–0016.**

Court of Appeals of Arizona,
Division 1, Department T.

Dec. 23, 1993.

Opinion Supplementing Decision
on Reconsideration Sept. 20, 1994.

Review Granted Oct. 4 and Dec. 20, 1994.

Jennings, Strouss & Salmon by Ann M. Dumenil and Brett L. Hopper, Phoenix, for plaintiff-appellant.

Grant Woods, Atty. Gen. by Patrick Irvine, Asst. Atty. Gen., Phoenix, for defendant-appellee.

## OPINION

CLABORNE, Judge.

This is an appeal from a judgment by the Arizona Tax Court granting summary judgment in favor of the Arizona Department of Revenue ("ADOR") for an amusement tax it assessed against Wilderness World, Inc. ("Wilderness World"). Wilderness World argues that the amusement tax was improperly assessed because Wilderness World's guided river trips do not fall within the scope of the tax. We agree and reverse.

## FACTS AND PROCEDURAL HISTORY

Wilderness World is engaged in the business of conducting guided river rafting tours through the Grand Canyon National Park. The guided rafting trips carry passengers down the Colorado River for several hundred miles over a period of twelve days. The guides are responsible for rowing the rafts, cooking the meals, selecting the trip itinerary

and campsites, and providing emergency first aid and river rescue services when needed. Wilderness World charges a single fee for the trip which includes the guide service, food, beverages, transportation, and necessary equipment.

ADOR audited Wilderness World for the period from October 1982 through July 1985, and assessed an additional transaction privilege tax, penalties, and interest. It was ADOR's position that Wilderness World's guided river trips were subject to taxation under former Ariz.Rev.Stat.Ann. ("A.R.S.") section 42–1314(A)(1).[1]

Wilderness World filed an administrative protest. The hearing officer upheld the assessment of taxes and interest. Wilderness World then appealed to the Arizona State Board of Tax Appeals. The Board of Tax Appeals upheld the assessment of taxes and interest and Wilderness World paid the amount of $57,735.08 under protest to cover the entire assessment of taxes and interest. After exhausting its administrative remedies, Wilderness World filed a complaint in the Arizona Tax Court pursuant to A.R.S. sections 12–167 (1992) and 42–124 (1991). Both parties filed motions for summary judgment and the tax court ruled in favor of ADOR. Wilderness World now brings this appeal.

## DISCUSSION

The primary issue raised on appeal is whether the business of providing guided river rafting trips falls within the scope of the amusement tax. Wilderness World argues that it does not fall within the scope of the tax because of the rule of strict statutory construction and the principle of *ejusdem generis* ("of the same kind"). Wilderness World further argues that the interpretation applied by the tax court makes the statute unconstitutionally vague. Since we agree with Wilderness World that its business of conducting guided river rafting trips does not fall within the scope of the amusement tax, we do not reach the vagueness issue.

### 1. Standard of Review

We review the judgment on the motion for summary judgment *de novo*. *Fountain Hills Civic Ass'n, Inc. v. City of Scottsdale*, 152 Ariz. 569, 575, 733 P.2d 1152, 1158 (App. 1986). Further, we are not bound by the lower court's legal interpretations. *Gary Outdoor Advertising Co. v. Sun Lodge, Inc.*, 133 Ariz. 240, 242, 650 P.2d 1222, 1224 (1982).

### 2. Strict Statutory Construction and the Principle of Ejusdem Generis

■ We cannot conclude that guided river rafting trips come within the reach of the amusement tax statute. The statute provides:

A. The tax imposed by § 42–1309, subsection A shall be levied and collected at an amount equal to two per cent of the gross proceeds of sales or gross income from the business upon every person engaging or continuing within this state in the following businesses:

1. Operating or conducting theaters, movies, operas, shows of any type or nature, exhibitions, concerts, carnivals, circuses, amusement parks, menageries, fairs, races, contests, games, billiard and pool parlors and bowling alleys, public dances, dance halls, boxing and wrestling matches and any business charging admission fees for exhibition, amusement or instruction....

ADOR attempts to impose the tax on Wilderness World based on the general clause of the statute that reads "any business charging admission fees for exhibition, amusement or instruction." ADOR relies on *Department of Revenue v. Moki Mac River Expeditions, Inc.*, 160 Ariz. 369, 773 P.2d 474 (App.1989), *cert. denied*, 493 U.S. 964, 110 S.Ct. 405, 107 L.Ed.2d 371 (1989), to support this proposition. *Moki Mac* held that guided river trips were an amusement, and that the cost of the trip was an admission fee within the meaning of the statute. *Id.* at 373, 773 P.2d at 478.

Wilderness World argues that its guided rafting trips do not fall within the plain language of the general clause because Wilder-

---

**1.** A.R.S. section 42–1314(A)(1) was in effect for the majority of the time of the audit period at issue. It was renumbered as A.R.S. section 42– 1309(A)(1) without significant change and does not affect this appeal. The current version is found in A.R.S. section 42–1310.13 (Supp.1993).

ness World does not charge an admission fee but rather a fee for professional guide services, food, drinks, equipment, and transportation. Wilderness World clearly indicates that it is prohibited by the Park Services from charging an admission fee to the Grand Canyon National Park. The argument goes on that *Moki Mac* does not apply to this case because different legal issues were raised, and it therefore has no precedential value.

Since *Moki Mac* was decided by this Court, it is controlling unless we determine that it was improvidently decided. *See Pena v. Industrial Comm'n of Arizona*, 140 Ariz. 510, 516, 683 P.2d 309, 315 (App.1984); *State v. Pena*, 140 Ariz. 545, 548, 683 P.2d 744, 747 (App.1983). "As a threshold matter, we note that while we would not be absolutely bound by prior Court of Appeals decisions, the principle of *stare decisis* and the need for stability in the law in order to have an efficient and effective functioning of our judicial machinery dictate that we consider decisions of coordinate courts as highly persuasive and binding...." *Castillo v. Industrial Comm'n*, 21 Ariz.App. 465, 471, 520 P.2d 1142, 1148 (1974). We will only overrule *Moki Mac* if, after serious reflection and analysis, we determine it is necessary to avoid perpetuation of error. *State v. Pena*, 140 Ariz. at 548, 683 P.2d at 747.

In reading the amusement tax statute, we do not believe that it can be interpreted to include guided river rafting trips without expanding the plain meaning of the statute.

█ To the extent there may be any ambiguity in the meaning or scope of the statute, we must interpret it strictly against the state and resolve any ambiguity in favor of the taxpayer. *Ebasco Serv. Inc. v. Arizona State Tax Comm'n*, 105 Ariz. 94, 97, 459 P.2d 719, 722 (1969); *Shamrock Foods Co. v. City of Phoenix*, 157 Ariz. 286, 288, 757 P.2d 90, 92 (1988). This fundamental principle requiring strict construction of tax laws arises from

Article IX, section 3 of the Arizona Constitution which requires that "every law imposing a tax shall state distinctly the object of the tax, to which object only it shall be applied."

█ In an attempt to define the scope of the amusement tax, we look to two principles. The first is strict construction, which requires that the activity must fall within the express language of the general clause. *See Arizona State Tax Comm'n v. Staggs Realty Corp.*, 85 Ariz. 294, 297, 337 P.2d 281, 283 (1959); *Alvord v. State Tax Comm'n*, 69 Ariz. 287, 291, 213 P.2d 363, 366 (1950). The second is the doctrine of *ejusdem generis*, which requires that the activity being taxed be substantially of the same kind, class, or character as those activities specifically enumerated in the statute.

We begin with the words of the general clause to determine whether the activities of Wilderness World fall within the plain meaning of the statute. *Staggs Realty*, 85 Ariz. at 297, 337 P.2d at 283. "We have repeatedly said that such words will be read to gain their fair meaning, but not to gather new objects of taxation by strained construction or implication." *Id.* (citations omitted). Here, the words clearly state that the matter taxed will be "any business charging admission fees." An admission fee is defined as a "fee paid at or for entering." *Third New Int'l Dictionary Unabridged* at 28 (1971).[2] Since Wilderness World is prohibited from charging an admission fee to the park, and the fee charged is for the skill, direction, and service provided by the guide, its business cannot be said to be charging an admission fee for purposes of the statute.[3] *See State Bd. of Equalization v. Jackson Hole Ski Corp.*, 737 P.2d 350, 355–56 (Wyo.1987) (price paid for hunting guide services, river guide services, or for horse trip, pack trip, or back packing guide services is for the skill, direction, and services provided by the guide

---

2. In defining the language in a statute, we are sometimes required to resort to dictionary definitions. *Mid Kansas Fed. Sav. & Loan Ass'n of Wichita v. Dynamic Dev. Corp.*, 167 Ariz. 122, 128–29, 804 P.2d 1310, 1316–17 (1991).

3. The Federal regulations support this conclusion by distinguishing between commercial and private river trips. The regulations state that a "fee ... is collected for conducting, leading, guiding or outfitting a river trip," for commercial operations, while private trips are allowed to collect fees only for legitimately shared expenses. *See* 36 C.F.R. Part 7.4(b)(3)(iii) (July 1, 1992).

and is not for admission to park within ordinary meaning of word "admission"). The Park Service has prohibited the "admission" fee for entrance into the area. The fee paid for the guided services are not fees charged for entrance within the plain and ordinary meaning of the word "admission." Since the river rafting trips cannot be reasonably construed as businesses charging an admission fee, we now look to see if the activity is of the same kind or nature as those specifically enumerated in the statute.

Under the principle of *ejusdem generis*, "where general words follow the enumeration of particular classes of persons or things, the general words should be construed as applicable only to persons or things of the same general nature or class of those enumerated." *White v. Moore*, 46 Ariz. 48, 53–54, 46 P.2d 1077, 1079 (1935); *see also Alvord*, 69 Ariz. at 291, 213 P.2d at 366. That is, for an activity to be taxable under a general clause that follows a list of specific items, the activity must be of the same kind, class, or character. A.R.S. section 42–1314(A)(1) lists twenty-one specific business classifications, none of which include an activity similar in nature or kind to guided river rafting trips. Wilderness World is engaged in the activity of "conducting, leading, guiding, and outfitting" a river trip. None of the activities listed remotely resemble a tour, expedition, journey, or voyage similar to the rafting trips. Thus, the amusement tax cannot be extended to the services provided by Wilderness World.

We recognize that *Moki Mac* came to a different conclusion. The focus of that appeal was a constitutional challenge by Moki Mac to the amusement tax under the commerce and due process clauses of the U.S. Constitution. The Department of Revenue won its constitutional arguments on the grounds that *Moki Mac* was "engaging in business" in Arizona. Before deciding the constitutionality, the Court needed to resolve whether Moki Mac's operations fell within the purview of the amusement tax statute in order to reach the constitutional issues raised on appeal. *Moki Mac* held that the guided river trips were an amusement and the cost of each trip was an admission fee for such amusement within the meaning of the statute. *Moki Mac*, 160 Ariz. at 373, 773 P.2d at 478. The opinion did not include any discussion or analysis of the issues raised here in making its finding that river rafting trips fall within the scope of the amusement tax statute. This is an important distinction. Thus, we conclude that *Moki Mac* improvidently decided the issue of whether guided river rafting trips fall within the scope of the amusement tax statute.

### 3. Attorneys' Fees

■ Wilderness World requests attorneys' fees on appeal pursuant to A.R.S. section 12–348(B) (1992). That section provides:

In addition to any costs which are awarded as prescribed by statute, a court may award fees and other expenses to any party, other than this state or a city, town or county, which prevails by an adjudication on the merits in an action brought by the party against this state, a city or town or county challenging the assessment or collection of taxes.

Since we find that ADOR improperly assessed an amusement tax against Wilderness World, Wilderness World is entitled to attorneys' fees on appeal. *See Gosnell Dev. Corp. v. Arizona Dep't of Revenue*, 154 Ariz. 539, 744 P.2d 451 (App.1987). We grant the request and it will be awarded upon compliance with Arizona Rules of Civil Appellate Procedure 21(c) (1988).

### CONCLUSION

For the reasons stated above, we hold that Wilderness World's guided river rafting trips are not subject to the amusement tax. Because of our disposition, we find it unnecessary to address the remaining issue raised by Wilderness World. We accordingly reverse the decision of the Arizona Tax Court and it is ordered to enter judgment in favor of Wilderness World for an amount consistent with this opinion.

WEISBERG, P.J., and GARBARINO, J., concur.

## SUPPLEMENTAL OPINION

CLABORNE, Judge.

This is a Supplemental Opinion to resolve an inconsistency between the Opinion originally filed in this matter and our Order denying an award of attorneys' fees. We have reconsidered our denial to award attorneys' fees and affirm that denial.

Ariz.Rev.Stat.Ann. ("A.R.S.") section 12–348(B) (1992) provides:

> In addition to any costs which are awarded as prescribed by statute, a court may award fees and other expenses to any party, other than this state or a city, town or county, which prevails by an adjudication on the merits in an action brought by the party against this state, a city or town or county challenging the assessment or collection of taxes.

We stated in our Opinion that since Arizona Department of Revenue ("ADOR") had "improperly assessed an amusement tax against Wilderness World," Wilderness World was entitled to attorneys' fees on appeal pursuant to A.R.S. section 12–348(B). *Wilderness World Inc. v. Arizona Dep't of Revenue*, 180 Ariz. 155, 158, 882 P.2d 1281, 1284 (App. 1993), citing *Gosnell Dev. Corp. v. Arizona Dep't of Revenue*, 154 Ariz. 539, 744 P.2d 451 (App.1987).

After careful reconsideration, we have come to the conclusion that Wilderness World is not entitled to attorneys' fees on appeal despite the fact that it was the prevailing party. ADOR assessed an amusement tax against Wilderness World based on the case of *Department of Revenue v. Moki Mac River Expeditions, Inc.*, 160 Ariz. 369, 773 P.2d 474 (App.1989), which held that guided river trips such as those conducted by Wilderness World were subject to an amusement tax. *Id.* at 373, 773 P.2d at 478. We found *Moki Mac* to be improvidently decided. *Wilderness World*, 180 Ariz. at 158, 882 P.2d at 1284. However, ADOR had a right to rely on *Moki Mac* in assessing the tax since *Moki Mac* was good law at that time. Thus, although we concluded that ADOR had improperly assessed the tax against Wilder-

ness World, at the time the tax was imposed, ADOR's assessment was proper.

For these reasons, we affirm our Order denying an award of attorneys' fees to Wilderness World and supplement our Opinion to be consistent with that Order.

WEISBERG, P.J., and GARBARINO, J., concur.