NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JACK I. LIPTON, *Plaintiff/Appellant*,

*v.*

ARIZONA STATE BOARD OF DENTAL EXAMINERS,
*Defendant/Appellee*.

No. 1 CA-CV 13-0746
FILED 2-26-2015

Appeal from the Superior Court in Maricopa County
No. LC 2011-000713-001
The Honorable Crane McClennen, Judge

**AFFIRMED**

COUNSEL

Jack I. Lipton, Camp Verde
*Plaintiff/Appellant in Propria Persona*

Arizona Attorney General's Office, Phoenix
By Mary DeLaat Williams
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Randall M. Howe joined.

**D O W N I E**, Judge:

**¶1** Jack Lipton appeals the superior court's judgment affirming disciplinary action taken against him by the Arizona State Board of Dental Examiners ("the Board"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

**¶2** R.H. filed a complaint with the Board, alleging a number of deficiencies in dental treatment she received from Dr. Lipton. The next month, E.C. filed a complaint describing problems with a crown he received from Dr. Lipton. Both R.H. and E.C. also complained about billing matters.

**¶3** The Board's Investigative Interview Panel ("Panel") interviewed R.H., E.C., and Dr. Lipton. *See* Ariz. Rev. Stat. ("A.R.S.") § 32-1263.02(B) ("The board or its designees shall conduct necessary investigations," and the results of investigations by a designee "shall be forwarded to the board for its review."). Dr. Lipton's counsel also participated in the Panel proceedings.

**¶4** Regarding R.H., the Panel concluded Dr. Lipton provided inadequate treatment planning, performed inadequate crown and bridge work on several teeth, and performed inadequate endodontics on one tooth. Regarding E.C., the Panel determined Dr. Lipton performed inadequate crown and bridge work on one tooth. In both cases, the Panel concluded Dr. Lipton committed unprofessional conduct under A.R.S. § 32-1201(21)(n) and recommended that the Board take disciplinary action against him. Dr. Lipton disputed the Panel's findings and recommended sanctions.

**¶5** R.H., E.C., and Dr. Lipton's attorney subsequently appeared before the Board. The Board ultimately rejected the Panel's findings of

---

[1] The statement of facts in the opening brief fails to cite to the record. *See* ARCAP 13(a)(4) (statement of facts shall include "appropriate references to the record"). When a litigant fails to include citations to the record, the court may disregard that party's unsupported factual narrative and draw the facts from the opposing party's properly documented brief and/or the record on appeal. *Ariz. Dep't of Econ. Sec. v. Redlon,* 215 Ariz. 13, 15, ¶2, 156 P.3d 430, 432 (App. 2007).

inadequate treatment planning and endodontics as to R.H. but accepted its findings of inadequate crown and bridge care. The Board ordered Dr. Lipton to pay $5002 in restitution to R.H. and complete 12 hours of continuing education. The Board accepted the Panel's findings as to E.C. and ordered Dr. Lipton to pay $1080 in restitution and complete four hours of continuing education.

¶6 Dr. Lipton filed petitions for rehearing or review. He also asked another dentist, Dr. Dischler, to review the complainants' radiographs and submitted Dr. Dischler's conclusions to the Board. The Board denied the petitions for rehearing and review.

¶7 Dr. Lipton filed a complaint for judicial review in the superior court. *See* A.R.S. § 12-904(A). After considering briefing and oral argument, the court affirmed the Board's final decisions. Dr. Lipton timely appealed. We have jurisdiction pursuant to A.R.S. § 12-913. *See Svendsen v. Ariz. Dep't of Transp.*, 234 Ariz. 528, 533, ¶ 13, 323 P.3d 1179, 1184 (App. 2014) (section 12-913 construed as allowing court of appeals review though it says "supreme court").

## DISCUSSION

¶8 The Board regulates dentistry in Arizona. It may take disciplinary action against licensees for various reasons, including unprofessional conduct. *See* A.R.S. § 32-1263(A)(1). Unprofessional conduct is defined as "any conduct or practice that constitutes a danger to the health, welfare or safety of the patient." A.R.S. § 32-1201(21)(n).

¶9 In reviewing a judgment upholding the decision of an administrative agency, we independently review the record to assess whether substantial evidence supports the determination. *Golob v. Ariz. Med. Bd.*, 217 Ariz. 505, 509, ¶ 11, 176 P.3d 703, 707 (App. 2008). We will uphold the agency's decision if it is supported by substantial evidence and is not contrary to law or arbitrary and capricious. *Id.*; *see also* A.R.S. § 12-910(E). We view the evidence in the light most favorable to upholding the Board's decision. *See Shaffer v. Ariz. State Liquor Bd.*, 197 Ariz. 405, 409, ¶ 20, 4 P.3d 460, 464 (App. 2000); *Baca v. Ariz. Dep't of Econ. Sec.*, 191 Ariz. 43, 46, 951 P.2d 1235, 1238 (App. 1997).

## I.      Sufficiency of the Evidence[2]

### A.      R.H.

**¶10**       R.H. initially received treatment from Dr. Lipton.  She later received care from Dr. Traylor and two endodontists.  The Panel subpoenaed R.H.'s records from each of these providers, and those files are part of the administrative record.  Dr. Traylor's x-rays and records note problems with each of the teeth at issue, including open margins and veneers falling off.

**¶11**       The record does not support Dr. Lipton's contention that the Board failed to review all of R.H.'s x-rays.  First, we presume that an administrative board considers all relevant evidence before it.  *See Perry v. Indus. Comm'n*, 112 Ariz. 397, 398, 542 P.2d 1096, 1097 (1975).  Moreover, minutes from an October 2011 Board meeting reflect a request by Dr. Lipton's counsel that "the Board review the x-rays in the records."  One Board member responded that "he did review the records very thoroughly."  And the Board obviously considered the record relating to the Panel's findings and conclusions carefully because it accepted some of those findings and rejected others.

**¶12**       Additionally, we lack a complete transcript of the Board proceedings.[3]  It is the duty of the appealing party to ensure that the appellate court receives a complete record.  *Rancho Pescado, Inc. v. Nw. Mut. Life Ins. Co.,* 140 Ariz. 174, 189, 680 P.2d 1235, 1250 (App. 1984).  Where the record is incomplete, we presume the missing portions would

---

[2]       To the extent Dr. Lipton suggests the Board was required to prove unprofessional conduct by clear and convincing evidence, he has waived this argument by failing to raise it either at the administrative level or in the superior court.  *See DeGroot v. Ariz. Racing Comm'n*, 141 Ariz. 331, 340, 686 P.2d 1301, 1310 (App. 1984) ("The general rule is that failure to raise an issue before an administrative tribunal precludes judicial review of that issue on appeal unless the issue is jurisdictional in nature.").  Moreover, he concedes in his opening brief that the standard of proof for cases not involving constitutional claims is a preponderance of the evidence.

[3]       The Board provided Dr. Lipton with audio recordings of the Panel interviews and Board meetings.  Dr. Lipton has provided only limited transcript excerpts.

support the findings made by the agency. *See Bee-Gee Inc. v. Ariz. Dep't of Econ. Sec.*, 142 Ariz. 410, 414, 690 P.2d 129, 133 (App. 1984).

¶13 Dr. Lipton also contends the Board should have ordered an independent clinical evaluation of R.H. However, the Board has no obligation to do so. *See* A.R.S. § 32-1263.02(D) (A "patient *may* be referred for a clinical evaluation *at the discretion of the board*.") (emphasis added). The Board had significant evidence before it and, in the exercise of its discretion, could have reasonably concluded that an independent examination was unnecessary. It is also important to note that the Board members may rely on their own expertise in resolving the complaints before them. *See Croft v. Ariz. State Bd. of Dental Exam'rs*, 157 Ariz. 203, 208, 755 P.2d 1191, 1196 (App. 1988) (In assessing the sufficiency of evidence in administrative proceedings, courts should "show a certain degree of deference to the judgment of the agency based upon the accumulated experience and expertise of its members.").

¶14 Dr. Lipton argues the radiographs he provided "were not considered or given the weight of the radiographs provided by another clinician months later." However, substantial evidence exists to support an agency's decision if either of two inconsistent factual conclusions is supported by the record. *E. Vanguard Forex, Ltd. v. Ariz. Corp. Comm'n*, 206 Ariz. 399, 409, ¶ 35, 79 P.3d 86, 96 (App. 2003); *see also Petras v. Ariz. State Liquor Bd.*, 129 Ariz. 449, 452, 631 P.2d 1107, 1110 (App. 1981). Substantial evidence supports the Board's determination that Dr. Lipton performed inadequate crown and bridge work as to R.H., thereby engaging in unprofessional conduct.[4]

### B.  E.C.

¶15 The Board concluded Dr. Lipton engaged in unprofessional conduct in treating E.C. based on one crown that he placed. The record supports this determination.

¶16 The Board appointed Dr. Green to perform an independent clinical evaluation of E.C. Dr. Green determined Dr. Lipton's crown-related work was inadequate because of an "open margin," noted E.C.'s tooth was "starting to decay," and recommended corrective treatment.

---

[4]     Although Dr. Lipton disputes the Board's findings, he does not contend the conduct found by the Board would not constitute "unprofessional conduct," as statutorily defined.

¶17 The Board had before it Dr. Green's clinical examination, E.C.'s dental records, x-rays, and clinical notes. One Board member commented that "the records were thoroughly reviewed" and noted "a continuing pattern of crown and bridge issues."

¶18 Dr. Lipton implicitly asks us to reweigh the evidence, arguing he "was judged based on an independent clinical evaluation performed 9 months after [E.C.'s] final treatment" and asserting E.C. contributed to, if not caused, the problems with the crown. However, we do not reweigh the evidence on appeal. *See Elia v. Ariz. State Bd. of Dental Exam'rs*, 168 Ariz. 221, 226, 812 P.2d 1039, 1044 (App. 1990) (substantial evidence may exist despite conflicting testimony); *Petras*, 129 Ariz. at 452, 631 P.2d at 1110. Nor does this Court function as a "super agency" by substituting its own judgment for that of the agency where factual questions and agency expertise are involved. *DeGroot*, 141 Ariz. at 336, 686 P.2d at 1306.

¶19 The Board was not required to accept Dr. Lipton's contention that the open margin resulted from poor dental hygiene or events occurring after his treatment of E.C. "[W]here there is room for two opinions, the action is not arbitrary or capricious if exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached." *Petras*, 129 Ariz. at 452, 631 P.2d at 1110.

### C. Restitution

¶20 The Board ordered Dr. Lipton to pay $5002 in restitution to R.H. and $1080 to E.C. Dr. Lipton challenges the restitution orders, arguing the complainants will receive windfalls because they owed "significant balances."

¶21 The Board has the authority to order restitution. A.R.S. § 32-1263.01(A)(6). "We will not disturb the penalty imposed by an administrative body unless there has been a clear abuse of discretion." *Culpepper v. State*, 187 Ariz. 431, 438, 930 P.2d 508, 515 (1996).

¶22 R.H. stated she had paid $7565 for Dr. Lipton's services and had been billed an additional $4058. The Panel recommended restitution for "all crowns and buildups and gingivectomy on teeth #3, 4, 7, 10, 11, 15,

and 21." R.H.'s account history reflects billings in excess of $5002 for the teeth at issue.[5] The record thus supports the restitution award to R.H.

¶23    Regarding E.C., Dr. Lipton acknowledges that "[c]harges for services for tooth #14 in question totaled $1080 and E.C. made payments of $5000." As with R.H., the record reflects that the amount ordered in restitution corresponds to the treatment the Board deemed unprofessional.

¶24    Dr. Lipton's assertion he was merely an associate and did not set or receive billings for the dental practice does not negate the Board's authority to order restitution for treatment he provided and billed for. How to satisfy the restitution orders is an issue for Dr. Lipton and the practice to resolve.

## II.    Evidentiary Hearing

¶25    Dr. Lipton requested an evidentiary hearing for the first time in his reply brief filed in the superior court. The Board argued, *inter alia*, that the request was untimely, and the superior court denied it. We will affirm the superior court's ruling if it is correct for any reason. *See Gary Outdoor Adver. Co. v. Sun Lodge, Inc.*, 133 Ariz. 240, 242, 650 P.2d 1222, 1224 (1982).

¶26    A.R.S. § 12-910(A) states: "If requested by a party to an action *within thirty days after filing a notice of appeal* [in the superior court], the court shall hold an evidentiary hearing . . . to the extent necessary to make [a] determination" in accord with § 12-910(E). (Emphasis added.). Dr. Lipton did not request an evidentiary hearing until January 2013, over one year after filing his complaint for judicial review. Under these circumstances, the superior court did not err by failing to conduct an evidentiary hearing.

---

[5]    In his reply brief, Dr. Lipton agrees "that charges for the services that the Panel referenced totaled $5024."

## CONCLUSION

¶**27**　　　　For the reasons stated, we affirm the judgment of the superior court.  We deny Dr. Lipton's request for an award of attorneys' fees and costs incurred on appeal, as he is not the prevailing party.  The Board is awarded its costs on appeal upon compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama